## STUMPF et al. v. MERZ.

(Supreme Court, Appellate Term. June 13, 1906.)

1. DAMAGES—ADVERTISING CONTRACT—BREACH.

Where defendant contracted to pay·plaintiffs $35 for a year's adver-·tising in a newspaper, without contracting for any particular space, and refused to continue the advertisement at the end of the first quarter, the measure of plaintiffs' damages was the difference between the contract price and the cost to plaintiffs of carrying out the. contract, including the expense of commissions in obtaining it, etc.

2. SAME—VALUE OF SPACE SAVED—DEDUCTION.

Where an advertising contract did not provide for any particular space in the paper, and the acceptance of subsequent advertising by plaintiffs did not depend on plaintiffs having control of the space formerly used by defendant after defendant's breach of the contract, plaintiffs were not bound to submit to a reduction of their damages by the value of the use by them of space used by defendant prior to the breach of her contract for the balance of the term.

Appeal from Municipal Court, Borough of the Bronx, Second Dis-trict.

Action by Anthony Stumpf and another against Carrie Merz. From a Municipal Court judgment in favor of plaintiffs for less than the relief demanded, they appeal. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

H. Gerald Chapin, for appellants.

Charles Stein, for respondent.

DAVIS, J. There have been two trials of this action. On the first trial plaintiff recovered $4.75 damages and $4.72 costs, and from the judgment entered he appealed to the Appellate Term, on the ground that the damages were insufficient. The Appellate Term reversed the judgment appealed from, and ordered a new trial. On the former appeal (92 N. Y. Supp. 789) the court held that the defendant had broken her contract with the plaintiff, and that the plaintiff was warranted in "suing for the part performed and for loss of profits on the part which the plaintiffs were not permitted to perform in consequence of the defendant's repudiation of her obligation." A new trial was had pursuant to the judgment of reversal. Substantially the same proof was made and with the same result, viz., a judgment in favor of the plaintiff for $4.75 damages and $4.72 costs. The plaintiff appealed also from this judgment on the ground of insufficiency of damages, and this appeal is now before the court on substantially the same state of facts.

The plaintiffs are the owners of a weekly newspaper known as the "North Side News." The defendant keeps a candy store. She entered into a contract with the plaintiffs under which she was to pay them $35 for a year's advertising in the North Side News. These payments were to be made quarterly. At the end of the first quarter defendant notified the plaintiffs to go no further with the advertisement. They thereafter ceased inserting the advertisement, and·brought this action to recover damages for breach of contract. The defendant had paid $4 on account. The space contracted for was about 4½ inches long by ⅝ inch

in width. The contract did not call for space in any particular part of the paper. The main question here is what rule of damage should be applied in plaintiffs' behalf. They held a year's contract. They were to receive $35 for a year's advertising. The defendant broke the contract. She must therefore make up to the plaintiffs for their actual loss, the loss of the benefit to them in case the contract had been carried out. The rule to be applied is to ascertain the amount of money it would have cost plaintiffs to carry out their part of the contract, including in this case the expense of commissions, and deduct this amount from the contract price of $35. The difference would represent the benefit which the plaintiffs would have enjoyed had the contract been carried out. This is the only rule that is fairly deducible from the opinion rendered on the former appeal. See, also, section 618, Sedgwick on Damages (8th Ed.). In estimating these damages we think there should be no deduction from the plaintiffs' demand based upon the fact that for three-fourths of a year they had the use of the space formerly occupied by defendant's advertisement. There is no reasonable ground for such a charge against the plaintiffs. It may be that, had the contract provided for a space located in a special and prominent part of the paper, plaintiffs' claim might be reduced by the amount of their profits from others for nine months' use of this space. But here the advertisement was to take its place in a very small space anywhere among numerous others. Assume that this space was occupied by another advertisement for the remaining nine months, the acceptance and publishing of this additional advertisement did not depend upon plaintiffs' having control of the space formerly used by the defendant. It would have been inserted and published whether or not the defendant kept her contract. It needed only a cutting out of a small amount of reading matter to do this. We therefore think that the court below should give no consideration in this particular case to what use was made of this advertising space for the remaining nine months of defendant's contract.

On the trial the plaintiffs attempted to prove the cost to them of printing and publishing defendant's advertisement. They were not permitted to do this under objection from the defendant. In sustaining these objections, we think the court erred.

The judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.