## FRANK McDERMOTT, RESPONDENT, v. DeMERIDOR COMPANY, APPELLANT.

Submitted March 18, 1910—Decided June 13, 1910.

Where a contract for the publication of an advertisement is broken by the advertiser ordering its discontinuance, the damages are *prima facie* the compensation for the full term for which the advertisement was to run, and the burden of proof is upon the defendant to show any mitigation of the damages by reason of what might have been earned by the publisher from other advertisers.

---

On appeal from the First District Court of Jersey City.

Before Justices GARRISON, SWAYZE and PARKER.

For the respondent, *Theodore Rurode.*

For the appellant, *George W. Flaacke.*

The opinion of the court was delivered by

SWAYZE, J.   The defendants contracted with the assignor of the plaintiff to insert an advertisement in a trade journal for fifteen months at the rate of $500 per year, payable in monthly payments.  After the advertisement had been running a few weeks the defendants ordered that it be discontinued.  The plaintiff's assignor, however, continued to publish it, and brought suit to recover the contract price.  The judgment went in plaintiff's favor for a part of the price, proportioned to the time which had elapsed before the suit was begun, less the amount which had been paid, which was sufficient to cover the time prior to the attempt to discontinue.  It is now insisted that the terms of the contract give the defendants the right to stop the publication at any time, that the plaintiff failed to prove, as the contract required, that the journal had a circulation of fifteen thousand or more copies of each weekly issue, and that even if the plaintiff is entitled to recover, the damages should be only nominal.

The language relied upon to give the right to cancel the contract is as follows: "The above prices are based upon a guaranteed circulation of fifteen thousand or more copies of each weekly issue.  The rate depends upon the number of insertions contracted for in advance and to be used within twelve months or less.  If the full number of issues are not used within one year the advertiser agrees to pay the higher rate as per schedule."  We think that this language, however, is meant only to regulate the price in case the parties agree upon stopping the publication short of one year, and that it is not intended to put it in the power of the defendant alone to stop when it chooses.

There was evidence which justified the inference that the circulation of the journal was fifteen thousand for each weekly

issue. It is urged, however, that there was no proof that the circulation was among *bona fide* paying subscribers. The language of the contract in that respect has already been quoted, and we think it did not require proof of such circulation as the defendant insists, but that it was sufficient for the plaintiff to prove that it actually circulated that number of copies.

The stress of the argument was upon the question of damages. The rule adopted by the trial judge was that approved by the Court of Appeals in New York in *Ware Brothers Co.* v. *Cortland Cart and Carriage Co.,* 192 *N. Y.* 439, which likened contracts of this character to contracts for personal services, rather than to contracts for the sale of goods and merchandise. We think the reasoning of the Court of Appeals in this respect is entirely satisfactory. In such an action the court held that the damages are *prima facie* the amount of the wages for the full term, and the burden of proof is upon the defendant to show any mitigation of the damages by reason of what may have been earned in a subsequent employment. This conclusion of the court placing the burden of proof in such cases upon the defendant, is abundantly supported by the authorities. The leading and well considered case in New York is *Costigan* v. *Mohawk and Hudson Railway Co.,* 2 *Den.* 609. The question was discussed by Commissioner Dwight in *Howard* v. *Daly,* 61 *N. Y.* 362 (at *p.* 371). It has the approval of the Supreme Court of Indiana in *Hamilton* v. *Love,* 152 *Ind.* 641. The rule was applied to a case where the contract was for the hire of a canal boat, crew, and three horses, in *Milage* v. *Woodward,* 38 *Ind. App.* 588; and the authorities are collected by Mr. Justice Rugg, of the Supreme Court of Massachusetts, in *Maynard* v. *Royal Worcester Corset Co.,* 85 *Mass.* 877. While the court in the last case did not decide the question, it called attention to the fact that the weight of authority was in favor of this rule, and that it was questioned only in Kentucky and Mississippi. We think the rule is sufficiently vindicated by the reasoning in the cases cited.

The judgment is therefore affirmed, and judgment may be entered in this court for the plaintiff against the defendant, with costs.