# BARRON G. COLLIER, INCORPORATED v. WILLIAM H. KINDY.[1]

### July 9, 1920.

### No. 21,779.

**Foreign corporations — proof of merger.**

1. A merger of corporations under the statutes of New York may be proved by exemplified copies of the records of the secretary of state of New York.

**Advertising contract — breach — measure of damages.**

2. Plaintiff's assignor contracted to furnish defendant advertising space in street cars for a fixed period. Such a contract is governed by principles similar to those governing contracts of employment. Prima facie the measure of damages for breach of the contract by defendant is the price to be paid less the cost of furnishing the service.

**Same — deduction — burden of proof.**

3. If other compensation for the space is obtained, or if it might with reasonable diligence have been obtained, the amount must be deducted. The burden is on defendant to make proof of facts entitling him to such right to deduction.

**Same — no right to deduction.**

4. Where the contract calls for merely a certain amount of space, as long as other like space remains undisposed of, the defendant has no right to deduction.

**Same — reduction of rate not required.**

5. Plaintiff was not obliged, with a view to reducing his damage, to accept advertising at a less cost than it was charging for its other unsold space.

**Same — maintenance of rate charged.**

6. Nor was plaintiff under obligation to defendant to maintain its rates as they were at the time the contract was made.

Action in the district court for Ramsey county to recover $4,995 for breach of contract. The amended answer interposed a counterlaim for

[1] Reported in 178 N. W. 584.

$10,000. The case was tried before Michael, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and directed a verdict in favor of plaintiff for $2,975. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Kerr & Richardson,* for appellant.

*Morphy, Bradford & Cummins,* for respondent.

HALLAM, J.

In 1913 George Kissam & Company had a lease of the advertising space in all cars of the Twin City Rapid Transit Company. Its business was to retail this space to advertisers. In November, 1913, the Kissam Company entered into an advertising contract with defendant. The contract is not in the record, but it appears that the Kissam Company agreed to place defendant's advertisement in certain of the cars of the Twin City Rapid Transit Company for five years from January 1, 1914, and that defendant agreed to pay therefor the sum of $85 per month. In January, 1916, defendant notified the Kissam Company that he would "discontinue" the advertising on February 1 following, and from that date on no advertising matter was furnished by defendant and no payments made. Plaintiff claims to have succeeded to the rights of the Kissam Company and it sued to recover the unpaid instalments of the contract. The court directed a verdict for plaintiff. Defendant appeals.

1. Plaintiff and the Kissam Company were both incorporated under the laws of New York. Plaintiff claims to have succeeded to the rights of the Kissam Company by virtue of proceedings under a statute of New York, permitting the merger of two corporations where one owns all the stock of the other. After such merger the company formed becomes possessed of all the rights of the companies merged. Defendant contends that the proof of merger is not sufficient. The proof was documentary and consisted of exemplified copies of documents on file with the secretary of the state of New York. The documents in evidence are not made a part of the settled case, but we understand defendant's contention to be that the merger could not be proved by exemplified copies,

but only by the production of the original minutes and stock books of the corporations. It would seem possible to make proof of a merger of corporations under the New York laws by exemplified copies of public records, just as proof of the formation of a corporation may be made in that manner.

2. Defendant contends that the court erred in ordering judgment for the full contract price of the advertising.

This contract is much like a contract of employment and it is governed by similar principles. McDermott v. De Meridor Co. 80 N. J. Law, 67, 76 Atl. 331. If the Kissam Company continued, during the period of the contract, ready and willing to perform, then the measure of damages is prima facie the contract price, less the cost of furnishing the service. Stumpf v. Merz, 50 Misc. 543, 99 N. Y. Supp. 337; Ware Bros. Co. v. Cortland, C. & C. Co. 192 N. Y. 439, 85 N. E. 666, 22 L.R.A. (N.S.) 272, 127 Am. St. 914.

In this case, the testimony is that it would have cost nothing to complete the contract, that the expenses of operation of plaintiff's business would be the same whether this advertising space were used or not.

3. If plaintiff obtained any other compensation from the space covered by defendant's contract, or if by the exercise of reasonable diligence it might have done so, defendant was entitled to have such amount deducted from the contract price. Peck & Co. v. Roofing & C. Co. 96 Mo. App. 212, 70 S. W. 169. But the burden as to such matter was on the defendant. Horn v. Western Land Assn. 22 Minn. 233; Beissel v. Vermillion Farmers Elev. Co. 102 Minn. 229, 113 N. W. 575, 12 L.R.A. (N.S.) 403; Schommer v. Flour City O. I. Works, 129 Minn. 244, 152 N. W. 535; Sutherland, Damages, §§ 713, 693.

4. The question of burden of proof is not, however, of great importance, for the facts are practically undisputed. Plaintiff did not derive anything from other use of the space contracted for by defendant. The fact is no particular space was contracted for. Defendant's advertisement could have been placed in any one of a number of similar spaces in any car, so long as the stipulated amount of space and number of insertions were furnished. The Kissam Company and plaintiff used their efforts at all times to dispose of all space. At no time after de-

fendant repudiated his contract was all such space disposed of. If the space covered by defendant's contract could in any way be identified, plaintiff was not obliged to sell that space in preference to its own unsold space. Tradesman Co. v. Superior Mnfg. Co. 147 Mich. 702, 111 N. W. 343, 112 N. W. 708. In the space where defendant's advertisement had actually been displayed, plaintiff inserted a card reading: "This space sold to and reserved for the use of W. H. Kindy, Optometrist, 50 E. 6th St., St. Paul, Minn." This fact does not seem to be important in view of the fact that there was other similar space undisposed of.

5. Defendant offered to prove that plaintiff had an opportunity to dispose of the space contracted for at a reduced rate and that deduction should be made accordingly. The offered evidence was, in substance, that other parties would have taken the same space as is described in defendant's contract at a reduced rate from the then current rate.

It may be doubted whether the offered evidence possessed sufficient definiteness to give it value. But, passing that point, we are of the opinion that the evidence was properly rejected.

Had defendant's contract called for particular space and had a tangible offer been made by another advertiser to take it, a different question would be presented. See Ware Bros. Co. v. Cortland C. & C. Co. 210 N. Y. 122, 103 N. E. 890. Had an offer even been made to take over defendant's contract, a different question would be presented. But a simple offer to plaintiff to take that quantity of its unused space at a cut rate, we think falls short of the proof required to mitigate plaintiff's damages. We must bear in mind that defendant comes into the case, not in the role of an injured party, but in the role of one who has injured plaintiff by a confessed breach of contract, and, while plaintiff must nevertheless use such effort as it reasonably may to reduce the damages arising from defendant's wrong, we think plaintiff could not reasonably be asked to cut its rates for unsold space, with incidental disturbance of its business, in order to save defendant from the loss resulting from his own breach of contract.

The object in allowing a recovery of damages in such a case as this is to save plaintiff from the loss resulting from the wrongful termination

of the contract by defendant, Wellston Coal Co. v. Franklin Paper Co. 57 Oh. St. 182, 187, 48 N. E. 888, and deductions are made only on account of things calculated to reduce plaintiff's loss. It is obvious that the cutting of rates might increase plaintiff's loss rather than reduce it. At least the court cannot assume that it would not.

6. Nor does it seem to us important that plaintiff had increased its rates since defendant's contract was made. There is no claim that the increase of rates was made with any purpose of prejudicing defendant, or that it was not made in good faith, or that it was not reasonably proper to cover increased cost of operation. Plaintiff was not obligated to maintain the prices it would ask of others at any fixed amount in order to save defendant from damages from his breach of contract. To require this might increase plaintiff's damage rather than diminish it.

Order affirmed.