### ISLESWORTH HOTEL CO. v. WARD.

(Circuit Court of Appeals, Third Circuit. January 17, 1921.)

No. 2594.

1. **Courts ⬦⟶376—State rule as to burden of proof of damage from breach of contract followed.**

In an action brought in the District Court for the District of New Jersey, the rule laid down by the Supreme Court of that state that, where an advertising ·contract is broken by the advertiser, the damages are prima facie the compensation for the full term, and the burden is on defendant to show any mitigation of damages by reason of what might have been earned from other advertisers, will be followed.

2. **Damages ⬦⟶120(4)—On breach of advertising contract, difference in interest to be deducted from full compensation due under contract.**

On breach of an advertising contract by the advertiser, there should be deducted, from the compensation for the full term for which the advertisement was to run, the difference in interest between payments as they would periodically follow due under the contract and payment in advance by reason of the breach of contract.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action by Artimus Ward, trading as Ward & Gow, against the Islesworth Hotel Company. Judgment for plaintiff, and defendant brings error. Affirmed, on condition that plaintiff file remittitur. ·

Theodore W. Schimpf and Thompson, Schimpf & Hanstein, all of Atlantic City, N. J., for plaintiff in error.

Harry R. Coulomb and Bourgeois & Coulomb, all of Atlantic City, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Artimus Ward, a citizen of New York state, brought suit against the Islesworth Hotel

Company, a corporate citizen of New Jersey, to recover damages for breach of contract. On trial, the jury rendered a verdict for some $7,600, and on entry of judgment thereon the defendant took a writ of error. The question involved is whether the court below should have allowed the case to go to the jury. To that question we now address ourselves.

The proofs in the case tended to show the plaintiff was engaged in the business of outdoor advertising, and for that purpose had acquired the right to place advertising signs at certain subway stations of the Interborough Rapid Transit Company in New York City. The defendant conducted a hotel at Atlantic City. On January 29, 1916, the parties entered into a written contract which, so far as here pertinent, bound Ward to furnish space at such stations to the hotel for 35 months following February 15, 1916, for certain signed advertising signs which the hotel was to furnish and Ward to put in place, "Space to be used February 15th to September 15th of each year." The contract stipulated that the hotel "may cancel this lease September 15, 1917, by giving Artimus Ward written notice before August 31, 1917," and that—

"In consideration of the above, the advertiser (the Hotel Company) hereby agrees to pay you (Ward) as rental the sum of three hundred and fifty dollars ($350.00) per month in advance during the term of this agreement, subject to the terms and conditions stated therein."

The parties acted under and fulfilled the contract for the seven months from February 15 to September 15 of the years 1916 and 1917, and the allegation of defendant is that about June, 1917, the contract was canceled for the balance of the term remaining after the year 1917.

This was denied by the plaintiff, and no proof was given of a cancellation in the form provided by the contract or of any facts relieving the Hotel Company from performance. Moreover, the uncontradicted proof was that the plaintiff had vacant space provided to fulfill the contract, and that the defendant neither furnished the signs for such space, nor paid the monthly sums of $350, and before this suit was brought it stood in the position of breaching the contract.

[1] The plaintiff having given testimony tending to prove these facts or warrant such conclusions, the defendant moved the court for binding instructions on the ground that the plaintiff had shown no damage. This case, as we said, comes from New Jersey, and we see no reason why we should not, and every reason why we should, adopt and follow the rule laid down by the Supreme Court of that state in McDermott v. De Meridor Co., 80 N. J. Law, 67, 76 Atl. 331. Not only will such a course secure uniformity of decision, but the reasoning of that case warrants the adoption of such course. That case involved newspaper advertising, but its principle is equally applicable to outdoor advertising. Without quoting the grounds of the court's opinion, it suffices to say it there held:

"Where a contract for the publication of an advertisement is broken by the advertiser ordering its discontinuance, the damages are prima facie the compensation for the full term for which the advertisement was to run, and the

burden of proof is upon the defendant to show any mitigation of the damages by reason of what might have been earned by the publisher from other advertisers."

[2] Agreeing with that statement, the judgment below is affirmed, with the proviso that, before the mandate go down from this court, the plaintiff file in the court below a remittitur in an amount representing the difference in interest between the receipt of payments as under the contract they would periodically fall due in the future and the receipt of the same in advance by reason of the breach of a contract and the consequent verdict.