---

# BARRON G. COLLIER, INC. v. WOMEN'S GARMENT STORE, INC.[1]

## July 7, 1922.

## No. 22,741.

**Measure of damages for breach of contract for street car advertising.**

> Where an advertiser breaches a contract to take specified advertising space in certain street cars, the measure of damages is prima facie the contract price less the cost of furnishing the service.   However, if by reasonable diligence another unobjectionable customer can be found who will take the same space at as favorable a price there is no damage and no action can be maintained.

Action in the municipal court of Minneapolis to recover $750 for breach of contract.   The case was tried before Baldwin, J., who made findings and as conclusions of law ordered judgment in favor of plaintiff for the amount demanded.   From an order denying its motion for amended findings or for a new trial, defendant appealed.   Reversed.

*Jamison, Stinchfield & Mackall,* for appellant.

*Allen & Fletcher,* for respondent.

HALLAM, J.

Defendant, a mercantile firm in Minneapolis, had a contract with plaintiff, a New York corporation, by the terms of which plaintiff agreed to carry defendant's advertisement for four years from January 1, 1919, in a designated space in the front of certain cars of the

[1]Reported in 189 N. W. 403.

Twin City Rapid Transit Company and certain suburban lines, and defendants agreed to pay therefor $300 per month during said term. In December, 1919, defendant entered negotiations for sale of its business to Fields, Inc., and was also, as it proved, in failing circumstances. On January 9, 1920, defendants wrote plaintiff a letter which was to all intents and purposes a cancelation or breach of the contract, and on January 10 they communicated verbally with plaintiff's local manager, Mr. Hilbert, to like effect. Mr. Hilbert immediately busied himself and in a surprisingly short time found four financially responsible firms each willing to take, from January 20, 1920, the space covered by defendant's contract, and willing to pay the current rate, which was $50 a month in excess of the rate stipulated in defendant's contract. In response to defendant's letter, however, plaintiff wrote on January 15 that its western manager would be in Minneapolis in about ten days and would call and go over the matter, and about the same time wired Mr. Hilbert to "hold negotiations off" until Mr. Collier personally should come to Minneapolis, which "was supposed to be" in a very short time. Mr. Collier soon thereafter passed through Minneapolis on his way "to the coast" and also on his way back, but did not stop at Minneapolis either time. He then went to Florida for about a month and finally in April came to Minneapolis. Plaintiff then let defendant's space to the Northwestern National Bank, canceling at the same time a contract which the bank had for side space in the cars. In the meantime Fields, Inc. had utilized and paid for the space until February 1. This suit is to recover the contract price from February 1 to April 15. The court found for plaintiff. From an order denying a motion for a new trial defendants appeal.

In Barron G. Collier, Inc. v. Kindy, 146 Minn. 279, 178 N. W. 584, it was said that this sort of contract is comparable to a contract of employment and is governed by similar principles. If the advertiser breaches his contract the measure of damages is the price to be paid, less the cost of furnishing the service, unless there are circumstances in mitigation of the damages. While a breach of contract is never justified, still the law requires a party who has been wronged by the breach to act with reasonable diligence to minimize

his damage. In the Kindy case the contract called for no particular location of space, but was simply for a certain amount of space anywhere in any car. In case of such a contract it was held that, as long as other like space remains undisposed of, the defendant has no right to deduction because of offers from third parties to buy space similar to that contracted for.

It was indicated, however, that if the contract called for a particular space, as it does in this case, a different question would be presented. In such case the rule of law clearly is that if, by reasonable diligence, another unobjectionable customer can be found who will take the same space at as favorable a price, there is no damage and no action can be maintained. In this case four other unobjectionable customers stood ready to take the same space contracted for by defendant and at a higher price. Defendant's breach caused plaintiff no damage, but gave an opportunity for profit. Defendant simply gave up an advantageous contract. It was a piece of good fortune to plaintiff that defendant breached the contract. The fact that plaintiff delayed three months in availing itself of a new contract and then rented the space to a customer who canceled other space to accept it was plaintiff's own affair. It might have rented the space upon cancelation of the contract and from defendant's standpoint the delay was unreasonable. Plaintiff has no claim against defendant.

Order reversed.