## NORTHERN DISPLAY ADVERTISING COMPANY v. AULTMAN, INC.[1]

January 12, 1923.

No. 23,123.

.Lease from year to year terminable only on 3 months' notice.

1. A contract, recited in the opinion, giving the plaintiff the use of a vacant lot, at an annual rental, for bill posting and advertising purposes, providing that "this lease shall continue from year to year on the same terms," can be terminated by the owner only on such notice as is required to terminate a lease from year to year, that is, a three months' notice prior to. the expiration of the year.

Gross advertising price not measure of damages for preventing advertising use of lot.

2. Damages for a trespass preventing the beneficial use of such lot for advertising purposes cannot be assessed upon the basis of the gross price which certain advertisers had contracted to pay, with no deductions for cost of service or maintenance or other expenses.

Action in the district court for Hennepin county to restrain defendant from entering upon certain premises occupied by plaintiff and erecting signboards thereon. Plaintiff's motion for an injunction pendente lite was denied, Jelley, J. Plaintiff then brought action to recover $5,000 for trespass. The two actions were tried together before Hale, J., who made findings and assessed damages in favor of plaintiff for $2,951.52 and costs. Defendant's motion to amend the findings and conclusions or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Cobb, Wheelwright & Benson,* for appellant.

*Jamison, Stinchfield & Mackall,* for respondent.

[1]Reported in 191 N. W. 413.

DIBELL, J.

The plaintiff brought an action to restrain the defendant from interfering with certain property upon which it had an advertising billboard under a contract with the owner. A temporary injunction was denied. The defendant then interfered with the possession of the plaintiff by erecting its own billboards some eight feet in front of those of the plaintiff. The plaintiff then brought trespass to recover damages. The two actions were tried together without a jury. An injunction was denied. Damages were assessed against the defendant and judgment entered in the sum of $2,951.52. The defendant appeals.

1. The plaintiff is engaged in outdoor advertising. It places advertising on billboards constructed on vacant property, or upon buildings. The defendant is a competitor. On May 9, 1916, the plaintiff entered into a contract with the W. L. Harris Realty Company, the owner of a lot on Hennepin avenue and Twenty-sixth street in Minneapolis, whereby it obtained the exclusive permission to occupy it for advertising purposes, the so-called "lease" to continue from year to year at a stated annual rental with a right in either party to terminate on 30 days' notice if the space was required for other than advertising purposes. The contract was as follows:

Advertising Board Contract.

Minneapolis, Minn., May 9, 1916.

In consideration of the rent of $125.00 per annum, to be paid annually in advance, exclusive permission is hereby granted The Northern Display Advertising Co., its successors and assigns, to occupy space for bulletin boards, to be used for bill posting and advertising purposes on the premises known as lot 1, block 1, Russell's Add.

This lease shall continue from year to year on the same terms. Either party may terminate this lease by giving the other thirty days' written notice, provided rent paid in advance, if any, shall first be refunded, and provided said space is required for other than advertising purposes. Should the view of said space become obstructed, lessee may terminate this lease and lessor shall refund rent paid in advance. All boards erected shall belong to lessee.

This receipt of $125.00, in payment of rent hereunder to May 9, 1917, is hereby acknowledged by lessor.

(Signed) W. L. Harris Realty Company,

Lessor,

Per W. L. Harris, Pres.

Address, 530 First National-Soo Line Bldg.

Terms and conditions fully accepted.

The Northern Display Advertising Company

Lessee. `

By C. T. Coppage.

The plaintiff used the property, paying the yearly rental, continuously until in 1921. On March 11, 1921, the Skellet Company, which had acquired title from the W. L. Harris Realty Company, gave the plaintiff notice that it had made a billboard contract with the defendant and requested the plaintiff to terminate its contract on May 9. Prior to May 9 the plaintiff tendered to the Skellet Company the annual rental for the succeeding year and it was refused.

Whether the instrument recited creates a lease or license or easement or contract to use is not important except as the character of the instrument determines the right to terminate. It gives a right of possession for bill posting and advertising purposes. Billboards erected on land secured by a contract such as that before us are commonly of substantial construction. Some of them are illuminated as were those placed on the property here involved. They require care and supervision and involve expense in maintenance. Their owner makes contracts with advertisers by the year or for other periods for definite space. Some permanency of use is contemplated by the landowner and the advertiser with whom he contracts. To what extent such a contract as is before us should be governed by the law applicable to leases we need not now consider. The words of the contract are: "This lease shall continue from year to year on the same terms." We are only concerned with the landowner's right of termination. The contract should be construed, upon the matter of its termination, as a lease from year to year would be construed, that is, there must be a three months' notice terminating at the expiration of the year.

Counsel for both parties have cited numerous cases. Some involve cases where plainly nothing more than a mere license is granted, or perhaps an easement. Some of them involve the grant of the right to use the walls of a building by putting posters thereon, or by painting them, or to use the roof. We have considered them all but do not attempt an analysis of them here.

2. The plaintiff had contracts with three concerns, two for $1,200 per year, and one for $900 per year, a total of $3,300 per year. Not all the space was used. The court, apparently upon the basis of the three contracts, found the rental value and damages in excess of $275 per month. No account was taken of overhead charges. Nothing was allowed for the conduct of the business, or for the expense of the maintenance of the particular billboards, or the cost of illumination, or other expense incident to the successful conduct of the advertising business. It was not all profit. By the contract or lease the defendant was paying $125 per annum. The three contracts, aggregating $3,300, did not measure the plaintiff's damages for a year's interruption. In this connection Barron G. Collier Inc. v. Kindy, 146 Minn. 279, 178 N. W. 584, and Collier v. Women's Garment Store, 152 Minn. 475, 189 N. W. 403, may be noted. We need say nothing further as to damages. They may be worked out on a new trial.

The judgment was without prejudice to the recovery of damages accruing after May 9, 1922, a date subsequent to the trial, and the beginning of a new year if the contract were in force. Appellant asks us to determine whether damages can be recovered for a period subsequent to that time. It contends that there was an actual and complete eviction long before a date three months prior to May 9, 1922, so as to preclude a recovery after that date though no notice to terminate was given. Obviously the question is not before us, was not tried below. We cannot doubt that opposing counsel will agree upon the effect of the holding in Pappas v. Stark, 123 Minn. 81, 142 N. W. 1046.

A new trial should be had upon the amount of damages, and that issue only will stand for trial upon remand.

Judgment reversed.