WESTERN GRAIN COMPANY *v.* BARRON G. COLLIER, INC.

Opinion delivered March 3, 1924.

DAMAGES—DUTY TO MINIMIZE.—Where a contract for the lease of advertising space in street-cars provided that nonuse thereof from the lessee's act or omission should be the lessee's loss, and that the lessee could not assign or sublet any privileges under the contract, the lessor was not bound to mitigate the damages from the lessee's breach of the contract by renting the space to another offering to take it at the same rate, where the rate had been raised since the contract was executed, and there was other vacant space to sell.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*Warner, Hardin & Warner,* for appellant.

1. It is true that appellant breached the contract, but the appellee, although it could have protected itself against any damage accruing therefrom, by consenting to the transfer of the contract to the First National Bank, refused to do so. Under these circumstances it was reversible error to direct the verdict for the plaintiff. 102 Ark. 246; 96 Ark. 78; 137 Ark. 397; 134 Ark. 430; 111 Ark. 598; 79 Ark. 484; 78 Ark. 366; 173 S. W. (Ark.) 833. For rule with reference to directing a verdict, see 114 Ark. 397. See also 82 Ark. 86; 88 Ark. 550; 144 Ark. 278; 89 Ark. 233. If there is any evidence tending to establish an issue in favor of a party, it is error to direct a verdict against him. 148 Ark. 74; 120 Ark. 208; 105 Ark. 136; 98 Ark. 334.

2. Unlike the Kindy case (Minn.) 178 N. W. 584, relied on by appellee, there was in this case a definite, tangible offer to take over the defendant's contract. Aside from that distinction, however, the decision in that case is in direct conflict with the decisions of this court

referred to above, and with the weight of authorities. 11 N. W. 343; 70 S. W. 169.

*John H. Vaughan* and *Geo. W. Dodd,* for appellee.

1.   It is clear from the language of the contract that the parties stipulated in regard to the amount recoverable for appellant's breach of the contract. It provided not only that appellant should pay $13.50 per month, payable at the end of each month, during the term of the contract, but also that "nonuse of space, from advertiser's act or omission, is advertiser's loss. The advertiser cannot assign or sublet any privileges under this contract." Parties may agree in regard to the loss or damages recoverable upon the breach of the contract, and such agreement is enforceable the same as any other stipulation. 8 R. C. L., §§ 110; 111 17 C. J. § 231; *Id.* 935, § 234; 54 Ark. 344; 17 C. J. 947, § 240. The rule contended for by appellant is not applicable in a case of this kind; it is particularly applicable to cases involving personal services. 8 R. C. L. 445, § 15; 9 Ark. 394.

2.   The Kindy case, 178 N. W. 584, and that of *Barron G. Collier, Inc.,* v. *Domino Macaroni Mfg. Co.,* 248 S. W. 918, are convincing as to the correctness of the judgment in this case.

HUMPHREYS, J.   Appellee brought this suit against appellant in the circuit court of Sebastian County, Fort Smith District, to recover monthly rentals in the total sum of $108 alleged to be due for advertising space in the street-cars operated in Fort Smith. The suit was based upon a contract which, in substance, provided that appellant should pay appellee $13.50 per month for sixty months for advertising space of 11x21 inches in size in said street-cars, with the understanding that appellant could not assign or sublet the space, and that its failure to use same should be its loss.

Several defenses were interposed to this suit by appellant. It is only necessary to set out one of them in order to determine the issue presented by this appeal, viz., that it was the duty of appellee to mitigate its dam-

ages by renting the space to another when appellant breached the contract.

The cause was submitted upon the pleadings and testimony, at the conclusion of which the court instructed a verdict in favor of appellee, over the objection and exception of appellant.

The facts are undisputed, and are, in substance, as follows: Appellee purchased the whole of the advertising space in the street-cars at Fort Smith for a certain period of time, and divided it into a number of spaces which it rented to parties desiring to advertise their business by inserting advertising cards therein. Appellant rented one of these spaces, and entered into a written contract with appellee for same, the terms and conditions of which have heretofore been sufficiently set out. The contract was dated July 19, 1919. It was carried out by both parties until some time in the summer of 1921. Appellant then became dissatisfied, and tried to get appellee to release it from the contract and allow the First National Bank of Fort Smith to take the space at the rate it was paying, which the bank offered to do. Appellee refused to release it, for two reasons, one being that the rates had been raised since the execution of the contract, and the other that it had vacant space of its own to sell. On the third day of September, 1921, appellant refused to use the space or to pay for same. This suit was afterwards instituted for the unpaid rents due up to March 13, 1922.

Appellant contends that the court erred in instructing a verdict against it, because the undisputed facts showed that it could have recouped its damages in full by renting the space to the First National Bank. To uphold appellant's contention would, in effect, eliminate provisions of the contract purposely drawn to cover appellee's damages in case of a breach thereof by appellant. The clauses referred to are as follows:

"Nonuse of space from advertiser's act or omission is advertiser's loss."

"The advertiser cannot assign or sublet any privileges under this contract."

The construction of contracts quite similar to the contract in question and the measure of damages for the breach thereof by the advertiser has been before the Appellate Court of Missouri and the Supreme Court of Minnesota in the cases of *Barron G. Collier, Inc.,* v. *Domino Macaroni Mfg. Co.,* 248 S. W. 981; *Barron G. Collier, Inc.,* v. *Kindy,* 146 Minn. 279.

In the Missouri case the court said: "The defendant is in no position, when it is the one breaching the contract, to ask that plaintiff should accept its breach and sell that which it had sold to the defendant in preference to other space owned by the plaintiff which had not been sold at all. And, again, the defendant could not ask that the space which it had refused to take should be sold at a lower price than plaintiff's regular price to other customers, for, while this might mitigate the defendant's loss, it would not go to make up what the plaintiff was losing, because it would be merely shifting its loss as to a given amount of space to its loss on another given amount of space."

In the Minnesota case the court said: "We must bear in mind that defendant comes into the case, not in the role of an injured party, but in the role of one who has injured plaintiff by a confessed breach of the contract, and, while plaintiff must nevertheless use such effort as it reasonably may to reduce the damages arising from defendant's wrong, we think plaintiff could not be reasonably asked to cut its rates for unsold space, with incidental disturbances of its business, in order to save defendant from the loss resulting from his own breach of contract."

No error appearing, the judgment is affirmed.