## PH. MORTON v. GRIGGS, COOPER & COMPANY.[1]

April 9, 1925.

No. 24,313.

**Appealable order.**

1. An order denying a motion for judgment and also a motion for a new trial, except upon a single issue, is appealable.

**Plaintiff's default waived by defendant.**

2. The evidence sustains the finding of the jury that defendant had waived plaintiffs default and was not entitled to terminate the contract.

**No summary forfeiture of contract before expiration of extension granted.**

3. After granting an oral extension of time, defendant could not forfeit the contract without notice before the expiration of such extension, whether it was valid or invalid.

**Grant of new trial on single issue proper.**

4. The court was within its discretion in confining the new trial to the single issue of damages.

**Computation of damages.**

5. Plaintiff is entitled as damages to the contract price, less the cost of furnishing the service and other offsets, if any.

*Headnote 1. See Appeal and Error, 3 C. J. p. 510, § 343.

Headnote 2. See Contracts, 13 C. J. p. 780, § 996.

Headnote 3. See Contracts, 13 C. J. p. 618, § 676.

Headnote 4. See New Trial, 29 Cyc. p. 733.

Headnote 5. See Damages, 17 C. J. p. 861, § 173.

Action in the district court for Ramsey county to recover $9,900. The case was tried before John B. Sanborn, J., and a jury which returned a verdict for $6,437.15. Defendant appealed from an order

[1]Reported in 203 N. W. 218.

denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Sanborn, Graves & Ordway,* for appellant.

*Oppenheimer, Peterson, Dickson & Hodgson* and *Gilbert E. Harris,* for respondent.

TAYLOR, C.

Plaintiff is engaged in the business of furnishing outdoor advertising. Defendant is the manufacturer of the "Home Brand Pure Food Products." In July, 1919, they entered into a contract by which plaintiff agreed to erect, in the spring of 1920, on sites to be provided by himself, 50 or more field bulletin boards adjacent to highways near towns in the northwest to be designated by defendant, no less than 4 bulletins to be located in the vicinity of each town, and agreed to paint these boards in an artistic manner from a design approved by defendant, and to repaint them about every 12 months, and to maintain them in good condition. On its part, defendant agreed to rent the use of the boards for the term of 36 months "from the average date of completion," and to pay therefor an annual rental of $66 for each board in monthly instalments of $5.50.

Of these boards plaintiff erected 13 in May, 12 in August and 8 in October, 1920, a total of 33. Defendant made frequent complaints of the delay, and at short intervals urged plaintiff to complete the erection of the entire 50 at as early a date as possible. On March 1, 1921, defendant wrote plaintiff that the frost was coming out of the ground and that they were anxious to have all the boards up by the first of April. On April 4, 1921, defendant wrote plaintiff that he was a year late on his contract and to get busy and finish it. On September 16, 1921, defendant, through its attorneys, notified plaintiff that the contract was terminated for plaintiff's failure to perform it. In August, 1921, plaintiff's construction crew had erected 4 more of the boards, a fact not known to either plaintiff or defendant at the time the contract was terminated.

Plaintiff brought this action for damages for breach of the contract. At the trial, plaintiff's representative testified that, at an

interview with defendant's representative in June, 1921, he proposed that the erection of the remaining boards be deferred until 1922 so that the first payment under the contract would become due in that year, and that defendant's representative agreed to it. Defendant's representative flatly denied any such conversation or making any such agreement.

The court instructed the jury to the effect that, if plaintiff was not in default at the time defendant terminated the contract, he was entitled to a verdict; that if he was in default at that time defendant was entitled to a verdict; and that he was in default under the terms of the contract, unless his failure to perform earlier had been waived by defendant. The jury returned a verdict for plaintiff. Defendant made an alternative motion for judgment or for a new trial. The court granted a new trial upon the issue of damages alone, and denied the motion in all other respects. Defendant appealed from the order.

Plaintiff moves for a dismissal of the appeal under Kommerstad v. G. N. Ry. Co. 125 Minn. 297, 146 N. W. 975; Greenberg v. National Council, 132 Minn. 84, 155 N. W. 1053; Snure v. Joseph Schlitz B. Co. 139 Minn. 516, 166 N. W. 1068; and Snyder v. Minnetonka & W. B. Nav. Co. 151 Minn. 36, 185 N. W. 959.

This case is not within the rule of those cases, for here the order not only denied the motion for judgment, but also denied the motion for a new trial except as to a single issue.

The contract called for the erection of the boards in the spring of 1920, and defendant claims that the failure of plaintiff to complete the erection of them before September 16, 1921, justified defendant in terminating the contract on that date. Defendant could waive plaintiff's failure to perform in the spring of 1920, and did waive it by thereafter repeatedly demanding that plaintiff complete the contract. Defendant continued these demands until April, 1921.

According to plaintiff's representative, defendant agreed in June, 1921, to extend the time for completing the contract until the season of 1922. In September, 1921, defendant terminated the contract without any previous intimation of an intention to do so. Whether

defendant had waived the right to terminate it at that time and in that manner was made an issue for the jury by the evidence, and they found that defendant had waived such right.

Defendant insists that proof of the oral agreement extending the time for performance to the season of 1922 was inadmissible, for the reason that the statute of frauds required the original contract to be in writing and that any modification of it must also be in writing, and for the further reason that there was no consideration for the oral agreement. Assuming that the oral agreement was not valid or binding, yet it operated as a waiver of the delay, and defendant could not thereafter terminate the contract for plaintiff's failure to complete it before 1922, without giving him notice of its intention to do so and allowing him a reasonable time in which to perform after such notice. Quinn v. Olson, 34 Minn. 422, 26 N. W. 230; Mo v. Bettner, 68 Minn. 179, 70 N. W. 1076; Scheerschmidt v. Smith, 74 Minn. 224, 77 N. W. 34; Tingue v. Patch, 93 Minn. 437, 101 N. W. 792; Lynch v. Higgins, 154 Minn. 151, 191 N. W. 422; Trainer v. Lammers, 161 Minn. 336, 201 N. W. 540.

Defendant complains because the court limited the new trial to the single issue of the amount of the damages. That a new trial may be limited to one or more specific issues is well settled. Dunnell, Minn. Dig. § 7079 and supplements. The evidence made the question of plaintiff's right to recover a question for the jury and this issue was properly and correctly submitted to them. The court gave an incorrect rule for the measure of damages and for that reason granted a new trial upon that issue. It was within the discretion of the court to confine the new trial to that single issue.

The damages to which plaintiff is entitled is the contract price less the cost of performing the unperformed part of his contract, and less any offsets to which defendant may show itself to be entitled. Barron G. Collier Inc. v. Women's Garment Store, Inc. 152 Minn. 475, 189 N. W. 403; Northern Display Adv. Co. v. Aultman, Inc. 154 Minn. 221, 191 N. W. 413.

One of the items to be deducted is the cost of maintaining the bulletins from which plaintiff has been relieved. For what length of time this cost is to be computed is in dispute. We think it should

be computed for the full period during which plaintiff was required to maintain them, being the same period during which the contract price for his services is to be computed. The termination of the contract on September 16, 1921, fixed the rights of the parties as of that date. The contract made the time at which the prescribed term was to begin contingent upon a future event which never happened. There is nothing in the record from which it can be determined whether, but for the termination of the contract, the term would have begun before or after the date of such termination. The bulletins were to be erected in the spring of 1920, and it is undisputed that plaintiff was solely responsible for the long delay. It is true that defendant terminated the contract without the right to do so, but this finding rests on the ground that defendant had waived its right to terminate the contract for plaintiff's prior default. We think that the facts and circumstances justify resolving the uncertainties by taking the termination of the contract as fixing all the rights of the parties including the date from which the computations are to be made.

We find no other questions requiring mention and the order is affirmed.