## Transit Advertisers, Inc. v. Charter Construction, Inc.

*Berman and Richard*, for plaintiff.

*Lutz, Fronefield, Warner and Bryant*, for defendant.

SWENEY, P. J., April 4, 1955.—This is an action on a written contract entered into by plaintiff and defendant on March 1, 1954. The contract provided that

plaintiff was to provide "a full showing of car cards" advertising defendant's swimming pools in the Pennsylvania Railroad Suburban System for a term of six months commencing March 10, 1954, and defendant agreed to pay therefor the sum of $279.56 per month payable net in advance.

The contract provided that defendant had the privilege of cancelling the contract "at the end of ninety days upon written notice fifteen days in advance and payment of five percent additional for the three months the contract is in force."

On June 8, 1954 (just 90 days after the effective date of the agreement) defendant mailed a letter to plaintiff cancelling the contract. Since this notice did not comply with the condition of the contract, plaintiff exercised its option to declare a default by defendant, under the terms of the contract, and to accelerate payments of the monthly charges.

This action was taken under the following provision of the contract:

"The Advertiser expressly agrees that in case Advertiser shall fail to make the payments set forth herein, or upon any other default by Advertiser hereunder, the Company shall have the right to declare this agreement void, so far as the rights of the Advertiser are concerned, and at the Company's option to consider that all of the total balance of this contract is thereby immediately accelerated and becomes due and payable and further the Company shall be discharged from any obligation to longer display the Advertiser's copy or hold for Advertiser the space called for by this contract and the Company shall be free to use said space for any other purpose or purposes."

Plaintiff's complaint avers performance by it, that two monthly payments had been made by defendant, for which credit is given and plaintiff demands the balance of four monthly payments or $1,118.24.

Defendant has filed preliminary objections to the complaint, in the nature of a demurrer for the following reasons: The damages claimed by plaintiff constitute a penalty and are unenforceable at law insofar as they exceed a claim for three months' service; plaintiff's damages are subject to accurate evaluation; the damages claimed are harsh, unconscionable, excessive and disproportionate to the actual loss; the damages constitute a penalty in that the acceleration is for any breach by defendant, and the damages claimed in excess of one month's service are a penalty, in that plaintiff fails to aver any loss or damages occasioned by the cancellation of the contract by defendants.

The complaint of plaintiff does not aver any loss or damage by virtue of the cancellation of defendant. In paragraph 6 of the complaint, it is averred:

"Plaintiff thereupon exercises its option under said contract of accelerating the payments thereunder."

It is, therefore, necessary to examine the acceleration clause in its relation to the entire contract and the surrounding circumstances. The tests to be applied to such a clause are summarized in Vrooman v. Milgram, 124 Pa. Superior Ct. 145 at 147 as follows:

" 'The question whether the amount stated in a conditional bond or contract is to be taken as a penalty or a liquidation of damages arising from a breach of the condition, is to be determined by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings; and that in this examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach of damages, and such other matters as are legally or necessarily inherent in the transaction': March v. Allabough, 103 Pa. 335, 341."

Plaintiff is the owner of a franchise to display advertising in various transportation vehicles and in turn contracts with advertisers to exhibit their advertisements. The advertiser furnishes the posters or advertising matter and plaintiff, through its employes, does the actual work of placing the posters in the display panels. Actual designated space is not sold or contracted by plaintiff. Plaintiff contends that this contract was a lease. We cannot agree with this contention in view of the fact that no particular space was set aside by plaintiff for defendant and that plaintiff agrees to render service in placing the advertising.

The most important element in the consideration of this clause is the relationship of the sum claimed to the actual damage sustained by plaintiff. The importance of this element was recognized in the A. L. I. Restatement of the Law of Contracts, vol. 1, sec. 339 which provides, in part, as follows:

"Liquidated Damages and Penalties. (1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless (a) The amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and (b) The harm that is caused by the breach is one that is incapable or very difficult of accurate estimation. . . ."

The courts of other jurisdictions have had occasion to pass on breach of contract claims by a company conducting operations similar to that of plaintiff in this case. They have uniformly held that the damage is the contract price and that the burden is on defendant to show mitigation of the damages: Barron G. Collier, Inc., v. Kindy, 146 Minn. 279, 178 N.W. 584, (1920) ; Barron G. Collier, Inc., v. Domino Macaroni Mfg. Co., Missouri, App. (1923) 248 S.W. 981; Barnebey et al. v. Barron G. Collier, Inc., CCA 8 (1933)

65 F. 2d 864. In the latter case the court said at page 869:

"The facts in this case bring it within the class of cases in which the whole contract price is awarded plaintiff for damages, unless defendants can show some fact to mitigate or diminish the damages. In this class of cases damages are prima facie the contract price, and the burden of proof was on the defendants to show why they should not be accepted as the proper measure of plaintiff's recovery. (citing cases)"

The general rule for damages in Pennsylvania is stated in Purdy v. Massey et al., 306 Pa. 288 at page 295 as follows:

"In fixing compensation for damage resulting from breach of a contract the general rule is that the injured parties should be placed in the same position as if there had been no breach. The object of the law is to place such party in as good position as if the contract had been kept."

See, also, Trust Co. of Glen Rock v. Shrewsbury Furniture and Mfg. Co., 104 Pa. Superior Ct. 564, 568.

The proper measure of plaintiff's damage is the contract price which represents the current rate for an advertising service performed only by plaintiff. Mitigation of damages by sale of the vacated spaces to another advertiser is properly a matter of defense.

The Superior Court did not pass expressly upon the duty of a publisher to resell advertising space after cancellation by an advertiser, Grocery World Publication Co. v. Clayberger, 68 Pa. Superior Ct. 618, and it is our opinion that the duty of this plaintiff to mitigate damages is not now before us.

### Order

And now, April 4, 1955, defendant's preliminary objections to plaintiff's complaint are dismissed and defendant is ordered to file an answer to the complaint within 20 days hereof.