(Opinion published 57 N. W. Rep. 152.)

---

HARRIET MACAULEY *vs.* DENNIS RYAN.

Argued Dec. 4, 1893. Appeal dismissed Dec. 18, 1893.

No. 8406.

**From what, appeal may be taken.**

A decision or ruling of the court that a party be allowed to amend his pleading, no order being made or entered, cannot be appealed from as from an order.

Appeal by defendant, Dennis Ryan, from a determination of the District Court of Ramsey County, *John W. Willis*, J., made April 29, 1893, allowing plaintiff to amend her complaint.

The plaintiff, Harriet Macauley, by her complaint, alleged that on December 31, 1887, she sold and transferred to defendant one hundred shares of the capital stock of the People's Bank and that he agreed to pay her therefor $5,375, that he had paid only $500 and she demanded judgment for the balance with interest. Defendant denied that he purchased the stock. He alleged that it was pledged to the Bank as collateral security for her indebtedness of $4,671.17 to it, and that she authorized him to sell the stock and pay her debt and account for the surplus. That he sold it for $5,300 and paid her debt and also paid her $500 and he offered her judgment for the residue, $182.83. This was denied by the reply.

A jury was waived and the issues were tried April 24, 1893. After hearing the evidence the Court announced that he should decide that the relation of the parties was that of principal and agent, that defendant did not buy her stock but acted under a power of attorney from her and sold it as her agent, that he would have dismissed the action if plaintiff had not offered judgment for the $182.83, but under the answer he would order judgment for her for that sum. Thereupon plaintiff moved the Court for permission to amend the complaint so as to plead the transaction. Defendant opposed this, but the Court granted the motion on condition that she serve her amended complaint in thirty days and pay all the costs and disbursements defendant had incurred in the action. He was allowed three months thereafter in which to answer. Notes of all this were taken at the time by the shorthand reporter and it was included in the case as settled, but no formal order was entered or findings made. Defendant appealed from this determination. A return was made and filed in this Court and the appeal set down for argument. When it came on for hearing the plaintiff moved to dismiss the appeal.

*C. D. & Thos. D. O'Brien,* for appellant.

*Warner, Richardson & Lawrence,* for respondent.

GILFILLAN, C. J. This case was tried by the court, without a jury. On the trial, after the parties had submitted their evidence and summed up the case, the court intimated how it would decide it, whereupon the plaintiff asked leave to amend her complaint so, as defendant contends, as to allow the setting up of an entirely dif-

ferent cause of action from that in the original complaint. The court announced that it granted the motion on certain conditions, among them that plaintff should be allowed thirty days within which to amend the complaint, and the defendant was allowed three months within which to answer. That seems to have been regarded by all—the court and the parties—as the end of the trial proceedings, and it seems to have been considered that all that had been done in the trial went for naught. No order allowing the amendment was entered in the minutes, or signed and filed.

The defendant assumes to appeal from what he calls the "order allowing the amendment."

When an amendment is allowed and made in the trial, the allowance and amendment are a part of the trial, and, being made to appear by a settled case or bill of exceptions, may be reviewed on an appeal from the judgment or from an order refusing or granting a new trial, and they can be reviewed in no other way, any more than can any other ruling or decision made in the course of the trial. In no other case can we review a ruling or decision of a court not entered in an order. There can be no appeal until then. Indeed, in this case, without such order, the plaintiff has no leave to amend. Until it is made, there is no legal reason why the court should not go on and decide the case according to the evidence submitted.

As there was nothing to appeal from, the appeal is dismissed.

(Opinion published 57 N. W. Rep. 151.)