WILLIAM C. BAXTER v. JEREMIAH S. COUGHLIN and Others.[1]

June 26, 1900.

Nos. 12,020—(111).

**Appeal—Refusal to Strike Out Bill of Exceptions—Order Granting New Trial.**

An order denying a motion to strike from the files a settled case or bill of exceptions for irregularities in the settlement thereof is not reviewable on an appeal from an order granting a new trial.

**Same—Refusal to Strike Reviewable upon Appeal.**

Such an order is one involving the "merits of the action or some part thereof," and reviewable by direct appeal.

**Hicks v. Stone Followed.**

The rule of Hicks v. Stone, 13 Minn. 398 (434), followed.

[1] Reported in 83 N. W. 190.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, J., granting a motion for a new trial as to defendants Coughlin and Murphy.  Affirmed.

*George R. Robinson,* for appellant.

*W. E. Dodge, Rome G. Brown* and *Charles S. Albert,* for respondent Coughlin.

*Lane & Nantz* and *Thomas Kneeland,* for respondent Murphy.

BROWN, J.

This action is one to recover against defendants as directors of the Irish-American Bank the sum of $32,697.95 alleged to have been received by them as such directors as a deposit in the bank with knowledge that the bank was insolvent.  It is based on Laws 1895, c. 219.  At the trial below plaintiff had a verdict for the sum of $22,888.57, and he appeals from an order granting a new trial to defendants Coughlin and Murphy.  Subsequent to the date of the order granting such new trial, counsel for plaintiff, upon affidavits and the records in the case, moved the court below to strike from the records the bill of exceptions theretofore allowed and filed, and also to strike out the order allowing the same, which motion was denied.  No appeal was taken from that order.

But two questions are presented for our consideration: (1) Whether the order denying plaintiff's motion to strike out the bill of exceptions can be reviewed on this appeal, it being from an order granting a new trial; and (2) whether the court erred in granting a new trial on the ground that the verdict was not justified by the evidence.  The motion for a new trial was based on the ground of errors committed at the trial, and that the verdict was not justified by the evidence.

Counsel for appellant presented his cause with so much earnestness and good faith that we have hesitated long before reaching and announcing our conclusion, lest we might overlook something of importance, or fail to appreciate fully the questions urged by him.  The result of all our consideration and labors finds us divided as to the proper conclusion to reach.

It may be conceded that the proceedings in the court below looking to the settlement and allowance of the bill of exceptions were

very irregular. While it is usual to notice a motion for a new trial to be heard at the time of presenting the bill of exceptions or case for settlement and allowance, it is not usual to serve notice of such motion for a new trial simultaneously with a proposed case, and fix the date of hearing two days prior to the expiration of the time allowed by statute for serving amendments to the proposed case. But whether the proceedings on this subject were fatally irregular we cannot determine on this appeal. Much is left to the sound discretion of the trial judge in such matters, and the question whether he acted within proper limits in this instance is not before us. There is no appeal from the order denying the motion to strike out the bill of exceptions, and such order is not reviewable on this appeal. The order was made in a proceeding or motion subsequent to the order granting a new trial, is no part thereof, and in no way connected with it. As it involves the "merits of the action, or some part thereof," it is an appealable order, and should be reviewed by a direct appeal. 3 Enc. Pl. & Pr. 498, 499; Holmes v. Campbell, 13 Minn. 58 (66). Or perhaps it might be reviewed on appeal from the judgment.

, So, in so far as applicable to the questions therein presented, the bill of exceptions must be taken as having been regularly and properly settled and allowed, and as correctly showing the proceedings had on the trial of the action; and a majority of the court are of the opinion that it should be construed as containing all the evidence bearing on the liability of defendants, Murphy and Coughlin, and that the order appealed from should be sustained, on the familiar rule of Hicks v. Stone.

The certificate attached to the bill of exceptions is as follows:

"I hereby certify that I have examined the above and foregoing bill of exceptions, and find that it is a true and correct transcript of the testimony, and all the testimony, offered and received in said action, in so far as the same relates to the questions raised by the said bill of exceptions, and the rulings of the court that were made during said trial, and the exceptions thereto, and the charge of the court to the jury, and the exceptions thereto, and the same is hereby signed, settled, and allowed as a bill of exceptions herein."

The theory of the members of the court agreeing to the conclusion above indicated is that, as the question as to the sufficiency of

the evidence to support the verdict as to the defendants named is raised by the notice of motion for a new trial, the bill of exceptions must, under this certificate, be construed as containing all the evidence relative to their liability. Such being the conclusion reached, and the evidence not being so clearly and palpably in favor of the verdict as to justify an interference by this court, the order appealed from must be affirmed.

In view of another trial, we may add that the charge of the trial judge to the effect that the defendants stood on the same footing, and if one was liable all were liable, is, as an abstract proposition of law, erroneous. It does not follow that, because a person holds the position of director of a bank, he is possessed of full knowledge of all its affairs or the condition of its assets and liabilities. The officers and directors who have immediate and actual charge and conduct of the business of the bank may know, or have good reason to know, that it is insolvent, when a director not active in the conduct of such business may not know, and the circumstances may be such as to relieve him of the duty and obligation of knowing. Whether one or all are liable in such cases, therefore, will depend on the state of the evidence in each case as to the knowledge and notice of each on the subject of the insolvency of the bank, and the question is one for the jury. With this exception, we think the charge correctly laid down the law applicable to the case.

Order affirmed.