ARTHUR B. McKNIGHT v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

December 22, 1905.

Nos. 14,491—(127).

**New Trial.**

In an action to recover damages for personal injuries, the verdict is *held* not so excessive as to indicate passion and prejudice on the part of the jury to an extent sufficient to require an unconditional new trial of the action, and the order of the trial court, reducing the verdict as a condition of denying a new trial, is sustained by the record.

Appeal by defendant from an order of the district court for Ramsey county, Bunn, J., denying a motion for a new trial upon condition that

1 Reported in 105 N. W. 673.

plaintiff consent to a reduction of the verdict from $4,500 to $3,000. Affirmed.

*A. H. Bright* and *Munn & Thygeson,* for appellant.

*H. A. Loughran* and *John D. O'Brien,* for respondent.

BROWN, J.

Action to recover for personal injuries alleged to have been caused by the negligence of the defendant, in which plaintiff had a verdict for the sum of $4,500. Defendant moved for a new trial on the ground that the verdict was excessive and given under the influence of passion and prejudice, upon which the trial court made an order denying the motion on condition that plaintiff consent to a reduction of the verdict to the sum of $3,000. Plaintiff complied with the order, and the defendant appealed.

The only question presented upon this appeal is whether the verdict is so excessive as to indicate passion and prejudice on the part of the jury in fixing the amount of plaintiff's recovery to such an extent as to justify, and whether the trial court erred in not granting, an unconditional new trial. The negligence relied upon to sustain the action and the right of plaintiff to recover some amount was conceded on the trial; the sole questions litigated being the nature and extent of his injuries and the amount of compensation to be paid him. A careful examination of the evidence presented in the record leads to the conclusion that the trial court should be sustained. Though the record presents a number of circumstances indicating that the plaintiff's condition, in so far as affected by the injuries complained of, is exaggerated and feigned, we are not prepared, from a consideration of the cold record, to disagree with the conclusions of the trial court, or hold that the sum of $3,000 is more than a fair compensation, or that the action of the jury in awarding the greater sum necessarily gives rise to an inference of passion and prejudice of a nature to require an unconditional new trial.

Much must be left to the sound judgment and discretion of the trial court in cases of this kind, and unless error in its judgment is clearly shown this court should not interfere. Craig v. Cook, 28 Minn. 232, 9 N. W. 712; Pratt v. Pioneer Press Co., 32 Minn. 217, 18 N. W. 836, 20 N. W. 87; Mohr v. Williams, 95 Minn. 261, 104 N. W. 12. The plaintiff was before the learned trial judge when on the witness stand

96 M.—31

and during the trial, and every opportunity, not afforded this court, given him to observe his demeanor and the good faith of his claims. In the face of the verdict establishing the fact of injury, and the discretionary action of the court approving the action of the jury, except as to the amount of recovery, with no abuse of discretion appearing, we have no alternative but to affirm the order appealed from.

Order affirmed.