## STEVE GOMULAK v. C. A. SMITH LUMBER COMPANY.[1]

May 25, 1906.

Nos. 14,645—(5).

**Negligence—Question for Jury.**

 In this, a personal injury action to recover damages sustained by the plaintiff while working in the defendant's sawmill as a carriage rider, by the breaking of a rod by which the movements of the carriage were controlled, it is *held* that the evidence was sufficient to take the case to the jury on the question of the defendant's alleged negligence, and that the trial court erred in directing a verdict for the defendant at the close of the plaintiff's evidence.

Appeal by plaintiff from an order of the district court for Hennepin county, Holt, J., denying a motion for a new trial, after a trial and verdict in favor of defendant. Reversed.

*W. E. Dodge* and *T. A. Garrity,* for appellant.

*M. H. Boutelle* and *A. M. Higgins,* for respondent.

START, C. J.

This is a personal injury action in which the trial court, when the plaintiff rested his case, directed a verdict for the defendant on its motion, and the plaintiff appealed from an order denying his motion for a new trial.

The sole question for our decision, presented by the record, is whether the plaintiff's evidence was sufficient to take the case to the jury on the question of the alleged negligence of the defendant.

The evidence is practically conclusive that on September 30, 1904, the defendant was operating a large sawmill in the city of Minneapolis; that the plaintiff was then its employee, his place of duty being on the log carriage in the mill; and that while he was then so engaged he was, without negligence or fault of any kind on his part, thrown therefrom and seriously injured by the breaking of the rod by which the movements of the carriage were controlled. The carriage rested on wheels which ran along rails which were about ninety feet

[1]Reported in 107 N. W. 542.

in length.   The movements of the carriage along the track were controlled by the sawyer by means of an upright lever attached to one end of an iron rod below the floor upon which the track was placed.   The other end of the rod was attached to a valve which regulated the steam power by which the carriage was operated.   The rod was forty feet long, and made of gas pipe one inch in diameter.   It was suspended by means of hangers or chains, and was jointed in several places by cutting threads on the end of each of two pieces of pipe and uniting them by means of a nut consisting of a short piece of pipe of larger diameter in which the corresponding grooves were cut and into which the two ends screwed.   The method of constructing the rod and appliances, and of operating the carriage, was the usual one adopted in other sawmills.   On the occasion of the accident, and while the sawyer was operating the carriage by this lever, the rod broke and parted at one of the places where it was joined, causing the sawyer to lose control of the carriage, which then ran back to and against a bumper at the end of the track, whereby the plaintiff was thrown from the carriage and injured.   The negligence alleged in the complaint is to the effect that the defendant neglected to properly inspect the rod, and negligently permitted it to become defective and unsafe.

We have then this single question:   Did the plaintiff's evidence fairly tend to show that the defendant was guilty of negligence in either of the respects complained of?   We answer the question in the affirmative.   The mere fact that the accident happened, the rod being in the exclusive possession and control of the defendant, is not alone sufficient to establish a prima facie case of negligence on the part of the defendant.   The doctrine of res ipsa loquitur is not applicable to this case to the full extent claimed by plaintiff's counsel, for it is not unusual for accidents to result from the use of complicated machinery, without negligence on the part of the master.   The evidence, however, by which the particulars and nature of the accident in this case were established was competent and relevant as to the question of the defendant's alleged negligence, in connection with other evidence in the case.   There was evidence, including a part of the rod and the nut constituting the joint here in question, which are exhibits in the case, tending to show that the rod would spring or vibrate when moved back and forth by the action of the lever; that such vibration, if there

were a weak spot in the rod, would naturally have a tendency to break it in time; that the joint in the rod at the point where it parted was not screwed up tight, leaving some of the threads on the end of one of the pieces of the rod not covered by the nut and exposed to observation; that it was practical to screw the joint up tight so that the nut would entirely cover the threads; and, further, that the joint would be stiffer, more durable, and safer if screwed up tight than it would be if it were not and some of the threads left exposed.

Upon a consideration of the entire evidence we are of the opinion that it was sufficient to take the case to the jury, and, further, that, accepting the evidence as true and taking the most favorable view of it for the plaintiff, as we must do in the absence of any contradiction or evidence on the part of the defendant, it was sufficient to sustain a finding by the jury to the effect that the rod was defective, that the defect caused plaintiff's injury, and that by the exercise of ordinary care in inspecting the rod and other appliances of the carriage the defendant might have discovered the defect in time to have remedied it, and thereby avoided the accident.

Order reversed and a new trial granted.