# ROBERT D. ZIEGLER v. HARRY PHILLIPS AND ANOTHER. HARRY PHILLIPS, APPELLANT.[1]

December 3, 1920.

No. 22,000.

**Negligence.**

Action for personal injury caused by defendant's negligence. Verdict for plaintiff for $1,200. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. *Held*: The evidence of plaintiff's contributory negligence was not so conclusive as to require a directed verdict for defendant. The verdict was not excessive. There was no error which required a new trial. [Reporter.]

[1]Reported in 180 N. W. 37.

Action in the district court for Hennepin county by the father of Robert D. Ziegler, a minor, to recover $5,000 for injuries received by the minor son in a collision between defendant Phillips' jitney bus, while a passenger in the bus, and defendant company's street car. The case was tried before Molyneaux, J., who at the close of the testimony denied separate motions of defendants for directed verdicts and a jury which returned a verdict for $1,200. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant Phillips appealed. Affirmed.

*Watson, Sexton & Mordaunt,* for appellant.

*Theodore W. Thomson* and *John P. Devaney,* for respondent.

PER CURIAM.

Action for personal injuries occasioned by the negligence of defendant. Plaintiff had a verdict and defendant appealed from an order denying his motion for judgment or a new trial. The principal contention of appellant is that the evidence conclusively shows contributory negligence on the part of plaintiff and that the court erred in not directing a verdict for defendant. In that contention we do not concur. A discussion of the evidence will serve no useful purpose. It presented a question of fact for the jury. The negligence of defendant is conceded, at least the sufficiency of the evidence to support the verdict in that respect is not challenged. The record presents no errors justifying a new trial, and the verdict is not excessive in amount.

Order affirmed.