## ARTHUR A. APPLEBY v. JOHN BARTON PAYNE, DIRECTOR GENERAL OF RAILROADS, AS AGENT, AND ANOTHER.[1]

May 13, 1921.

No. 22,184.

**Damages — extent of paralysis — verdict excessive.**
> Plaintiff sustained injury while in defendant's employ. The evidence is ample to sustain a finding of defendant's negligence. Plaintiff claims paralysis of the left arm and leg. A verdict in the amount rendered can stand only on the assumption that paralysis of both arm and leg is permanent. The evidence is sufficient to sustain a finding of permanent paralysis of the left arm, but not of the left leg. The damages are excessive.

Action in the district court for Hennepin county to recover $50,000 for injuries received while employed as freight conductor on defendant railway. The answer alleged negligence on the part of plaintiff. The case was tried before Molyneaux, J., and a jury which returned a verdict in favor of plaintiff for $30,000. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Barrows, Stewart & Metcalf,* for appellant.

*George C. Stiles* and *F. M. Miner,* for respondent.

HALLAM, J.

Plaintiff was a freight conductor on the defendant's railway in Wyoming. On September 30, 1919, he was climbing a ladder on the side of a box car. The grab iron on the top of the car was defective, and, when he grabbed it, it gave way and he fell backwards some 12 or 14 feet to the rock ballast beside the track. He was taken to defendant's hospital at Casper, Wyoming. After remaining there about 10 days he went to another hospital at Casper and remained there until October 30. He then went to the Asbury Hospital in Minneapolis and he con-

[1]Reported in 182 N. W. 901.

tinued there until the time of the trial in June, 1920. The action is for damages for personal injuries. Plaintiff had a verdict for $30,000.

That the evidence is sufficient to sustain a finding of liability is not disputed. The question in the case is as to the amount of damages. Defendants contend they are excessive. Plaintiff contends that he has suffered true paralysis of the left arm and leg and that the injury is permanent. Defendants contend that plaintiff is not suffering from paralysis at all.

It is difficult for an appellate court, without having seen either the plaintiff or the witnesses, to form a correct judgment as to the nature of plaintiff's trouble. At the time of the trial he had been in one or the other of the hospitals mentioned continuously since the accident. He appeared in court in a wheel chair. His appearance evidently impressed the jury with the sincerity of his claims.

Unfortunately, perhaps, the questions of the nature and permanency of plaintiff's injury are both matters for experts. It is difficult for the lay mind to form a just estimate of either. Two experts testified on each side. In point of character and professional standing and experience, they are among the first in their specialty in the locality.

Plaintiff's experts gave the opinion that plaintiff was suffering from true paralysis. Defendant's experts gave the opinion that plaintiff was not suffering from paralysis. On that proposition the issue was squarely made. The jury by their verdict found for plaintiff. We find in the record nothing to discredit the testimony of plaintiff's physicians. We do not hesitate to affirm the finding of the jury on this point.

The difficulty we have is as to proof of probable duration of the injury. So large a verdict can stand only on the assumption that the paralysis of both arm and leg is permanent. It is conceded that true paralysis is not necessarily permanent. The question is whether there is evidence from which a jury could find permanent injury in this case. If the testimony of plaintiff's medical experts sustains the theory of permanency of injury, the verdict should be sustained. But, if plaintiff's own witnesses do not sustain this theory, the verdict cannot be sustained.

As to the arm, plaintiff's witness, Dr. Crafts, testified: "I think there is permanent paralysis." "I don't think there will be ever any material improvement in the condition of the left arm." Dr. Beard, not so posi-

tive, said: "Considering the length of time since the injury I cannot entertain a hope of any measure of recovery for the left arm." From these opinions the jury might find permanent paralysis of the arm.

As to the leg, Dr. Crafts said it has been improving in strength and sensation, he can bear weight on it a little, there is true paralysis "in a slight measure." Asked his opinion as to whether there will, in the future, be any improvement, he answered: "There may be," and further: "I think it is impossible to say at present whether there is going to be any material improvement in the leg or not." At the same time he thought no one could say from the present condition that there will be any improvement. He closed by saying the paralysis of the left leg is not a very complete or severe paralysis.

Dr. Baird when asked his opinion whether the paralysis of the leg will improve said: "I don't think anybody can tell." "Impossible to say. After seven or eight months following such an injury the recovery of such true paralysis is a very doubtful matter indeed."

In our opinion this testimony is not sufficiently definite to sustain a finding of permanent paralysis of the leg. It leaves the future altogether in the realm of speculation and conjecture. It is not a case where a readjustment can well be made by the alternative of a reduced verdict and a new trial must be granted. There is, however, no occasion for another trial of any other issue. A new trial is accordingly granted of the issue of the amount of damages and of no other issue.

Reversed.