## S. G. LESLIE v. R. S. BILLINGSLEY AND ANOTHER.[1]

February 8, 1929.

No. 27,134.

[1]Reported in 223 N. W. 456.

*James C. Melville,* for appellant.
*Maugridge S. Robb,* for respondent.

OLSEN, C.

Appeal by defendant from an order denying his alternative motion for judgment or a new trial.

Defendant Billingsley, hereafter referred to as the defendant, was the general contractor for the erection of a large building in Minneapolis. He sublet the plastering job to plaintiff. More than 50 rooms were to be plastered. The specifications provided that the defendant was to furnish, construct, maintain and remove the scaffolding for the use of the plasterers and others in four designated large rooms. In all other rooms to be plastered plaintiff was to provide his own scaffolding.

Plaintiff recovered a verdict for $800. The issue of damages in the case was as to the reasonable cost or value of furnishing the lumber for, constructing, and removing the decking and necessary runners for the plasterers to stand and work upon at the top and around the sides of the uprights of the scaffolding in the four rooms in question. The damages apparently would be the reasonable value of the use of the necessary lumber for the time it was used, taking into consideration such necessary breakage and deterioration as would result from its use, and the reasonable cost or value of the labor necessary to place and remove the decking and runners, including the cost of hauling the lumber to and from the building. Any experienced contractor or builder, accustomed to figure costs, on being informed by the evidence as to dimensions of rooms, amount and kind of plastering to be done therein, manner and sequence of the work, time occupied, kind of lumber used and distance brought, and facilities for bringing it into and out of the building, could readily estimate the reasonable cost of the undertaking.

Plaintiff's evidence as to damages was not directed along the line suggested. He testified, over objections, without other founda-

tion, that the cost of hauling the lumber from his yard to the building and back was $192; that the quantity used was 12,000 feet. He gave no information as to the number of loads hauled or time required. It does appear that the lumber was hauled by truck. There were some 50 rooms to be plastered other than the four rooms wherein defendant was required to furnish the scaffolding. At least one other room was large. In these other rooms plaintiff was required to furnish scaffolding for his work and did haul lumber for and erect the necessary scaffolding therein. While the four rooms where defendant was to furnish scaffolding, if all decking and runners therein had been constructed at one time, would have required about 12,000 feet of lumber, plaintiff's evidence discloses that all scaffolding was not placed or used at one time and that scaffolding was moved from room to room as the work progressed, and lumber used in other rooms was moved into and used in one or more of the four rooms in question, and lumber from one or more of such rooms moved into and used in other rooms. No segregation was made, and the record presents no evidence from which it can be found how much lumber it was reasonably necessary for plaintiff to haul or use for the four rooms in question, in addition to the lumber required to be furnished by him for other rooms in the building. The lumber used was old lumber which plaintiff had kept for more than ten years and had used in working in one other building. Defendant presented evidence that the reasonable cost of hauling 12,000 feet of lumber from the plaintiff's yard to the building and from the building back to the yard would be $30.

In attempting to prove the reasonable value of the labor necessary to haul and remove the lumber and construct and remove the decking and runners, plaintiff presented the evidence of Helseth, one of his employes, who had general charge of hauling the lumber and placing it in the decking and runners. He had no recollection of the time spent by himself in hauling the lumber, or of the time spent by himself or other employes in constructing the decking or runners, but presented three loose sheets of paper on which appeared certain names, dates, hours and figures, indicating per hour wages and amounts earned, received in evidence as exhibits C, D and

E. He testified that these were not original entries; that he had kept a regular time book wherein he had entered the time of the men engaged in hauling lumber and working on scaffolds; that from time to time, about once a week, he had summed up from this time book the time spent and amounts earned and written such sums onto these loose sheets; that he had destroyed the time book. He used these loose sheets to arrive at the amount of wages paid by plaintiff for the work in question. He admitted that there was one material error in these sheets. He further admitted that these sheets included all lumber hauled, whether for the four rooms in question or for other rooms, and for work done generally on scaffolds. No attempt was made to segregate the work for hauling or placing scaffolding in the four rooms in question. It may be that objection to these exhibits could be held waived; but, assuming that it was, this evidence is too uncertain to base thereon any finding of substantial damages.

■ The complaint states the facts as to the obligation of defendant to provide the decking and runners for the scaffolding in question; his failure, after request, so to do; the necessity for, and plaintiff's performance of the work; and the resulting damages to plaintiff. The contention that defendant's failure to complete the scaffolding was such a repudiation of the contract that plaintiff could not himself complete the scaffolding and recover for the reasonable cost of so doing is not sustained. City of Winona v. Jackson, 92 Minn. 453, 100 N. W. 368; Graves v. Glass, 86 Iowa, 261, 53 N. W. 231; 9 C. J. § 181, p. 841.

The complaint stated a cause of action.

The liability of the defendant for damages in some amount is well enough established. The questions of fact as to such liability were correctly submitted to the jury, and the verdict on that issue is sustained and should stand.

For the reason that the evidence as to damages is unsatisfactory and insufficient to sustain the verdict, the order denying a new trial is reversed and the case remanded for a new trial as to the amount of damages only.

Reversed and remanded.