# JULIA O. LUNDBLAD v. WALTER ERICKSON.[1]

April 17, 1930.

No. 27,843.

[1]Reported in 230 N. W. 473.

186

*Galen E. Bush,* for appellant.
*Thomas J. Joyce,* for respondent.

Olsen, C.

Defendant appeals from a judgment in the district court.

Plaintiff brought suit to recover damages for personal injuries suffered by her in an automobile accident. The defendant was the owner and driver of the car, and plaintiff was a passenger therein. The case was first tried before Judge Magney and a jury. A verdict for plaintiff for $100 was returned. Plaintiff made two motions, one for a new trial generally, and one for a new trial of the amount of damages only. Each motion was made on the minutes of the court and on the ground that the damages awarded were insufficient and appeared to have been given under the influence of passion or prejudice. The court granted the motion for a new trial on the question of damages only and denied the motion for a new trial of all issues. Defendant made a motion to vacate the order granting a new trial on the issue of the amount of damages only. The motion was denied. The case then came on for trial, on the question of damages, before Judge Hughes. At the opening of the trial defendant objected to the trial of the issue of damages only. The objection was overruled and exception taken. The trial proceeded, and the jury returned a verdict for plaintiff in the amount of $2,500. Defendant then moved for a new trial of all the issues on the grounds that Judge Magney erred in granting the motion for a new trial on the sole issue of damages, and in denying defendant's motion to vacate the order granting such motion; also on the ground that Judge Hughes erred in overruling defendant's objection to going to trial on the sole issue of damages. There is the further

assignment that the present verdict is excessive. Defendant's motion for a new trial was denied. Judgment was entered and this appeal followed. The settled case contains the evidence and proceedings of both trials and the entire record. The assignments of error in this court are the same as above stated.

■ Plaintiff raises the question that the proceedings at the first trial, and the orders of Judge Magney granting a new trial on the sole issue of damages and refusing to vacate that order, cannot be reviewed on this appeal from the judgment after the second trial. It is the rule that, where a new trial of all the issues is granted, the first trial is wholly set aside and the case stands as if there had been no trial. Upon an appeal from the judgment rendered as a result of the second trial, there can then be no review of the proceedings at the first trial or of the order granting it. McKenzie v. Banks, 94 Minn. 496, 103 N. W. 497; Holm v. G. N. Ry. Co. 139 Minn. 258, 166 N. W. 224; Marlow v. Streefland, 156 Minn. 450, 195 N. W. 488. But that rule does not apply where a new trial is granted on only one issue or a part of the issues in the case. The judgment after the second trial then rests upon the issues determined at both trials. Here the issues of negligence and contributory negligence, the decisive issues in the case, were determined by the first trial, and the judgment rests on their determination. Only the amount of damages was determined by the second trial. In that situation the appeal from the judgment, with a proper settled case, brings up for review the entire record of both trials, including intermediate motions and orders as part of the record, except that as to the amount of damages or as to damages being excessive we must look to the evidence and record of the second trial.

■ On an appeal from a judgment this court may review any intermediate order involving the merits or necessarily affecting the judgment. G. S. 1923 (2 Mason, 1927) § 9498; Harcum v. Benson, 135 Minn. 23, 160 N. W. 80; 1 Dunnell, Minn. Dig. (2 ed.) p. 236, § 389. Any order which is itself appealable and not appealed from may be so reviewed, and it matters not that the time for appeal from the order has expired. Mower v. Hanford, Thayer & Co. 6 Minn.

372 (535); Bilsborrow v. Pierce, 112 Minn. 336, 128 N. W. 16, 299. Nonappealable orders and rulings, if properly presented, are of course reviewable on an appeal from the judgment. Thorp v. Lorenz, 34 Minn. 350, 25 N. W. 712; Haug v. Haugan, 51 Minn. 558, 53 N. W. 874; Schoch v. Winona & St. P. R. Co. 55 Minn. 479, 57 N. W. 208; Macauley v. Ryan, 55 Minn. 507, 57 N. W. 151; Bond v. Welcome, 61 Minn. 43, 63 N. W. 3; DeBlois v. G. N. Ry. Co. 71 Minn. 45, 73 N. W. 637; Baxter v. Coughlin, 80 Minn. 322, 83 N. W. 190; State v. O'Brien, 83 Minn. 6, 85 N. W. 1135; Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415; Peterson v. Township of Manchester, 162 Minn. 486, 203 N. W. 432. The order of Judge Magney granting a new trial of the sole issue of damages was appealable. Lawler v. Counties of Rice and Goodhue, 147 Minn. 234, 178 N. W. 317, 180 N. W. 37; Morton v. Griggs, Cooper & Co. 162 Minn. 436, 203 N. W. 218. But, as already noted, that does not prevent its being reviewed on appeal from the judgment. Generally then this court may review, on appeal from the judgment, any intermediate order involving the merits or necessarily affecting the judgment. Appealable orders, from which no appeal has been taken, and nonappealable orders stand on the same footing in this regard. This court on such appeal may also review the sufficiency of the evidence, rulings made, and proceedings had upon the trial, when properly raised in the trial court and preserved by exception, or by proper assignment in a motion for a new trial.

We come then to the principal question as to whether there was prejudicial error in granting a motion for a new trial of the sole question of damages and in requiring the defendant to go to trial on that single issue. That this court and the district courts have power to grant a new trial on one issue or a part only of the issues in a case is so well established that citation of authorities is not necessary. 5 Dunnell, Minn. Dig. (2 ed.) p. 10, § 7079, states the rule and cites many cases in note 46. The rule stated is that a new trial may be granted of one of several issues when it is distinct from the others so that justice does not demand a retrial of all the issues. It is stated in one of the cases that, in an action at law

where the issues are usually single and entire, the practice should be exercised with caution. It has been a common practice in this court and in the district courts to grant a new trial on the sole issue of damages. In all proper cases that is a saving of time and expense, in a lesser degree but on the same principle as where a conditional reduction of a verdict is granted. It is a matter where the trial court should exercise sound judgment and discretion. The rule should apply that a new trial on the issue of damages may be granted so long as it is not shown that any passion or prejudice affected the decision of the jury upon other issues in the case. Cox v. C. G. W. R. Co. 176 Minn. 437, 223 N. W. 675. We have searched the record of the first trial and are unable to find anything therein in any way likely to arouse passion or prejudice. Defendant has not attempted to point out anything of that kind. The trial court, in statements included in the record of the first trial and in his memorandum to one of the orders, said:

"The evidence on the question of defendant's negligence was such that the court might have been justified in directing a verdict for the plaintiff on this issue."

In another place the court said:

"The evidence as to defendant's negligence is so strong that no useful purpose would be served in granting a new trial on all the issues in the case."

A careful reading of the evidence leads to the same conclusion. As to the question of contributory negligence the court said:

"There is certainly very little evidence on the question of contributory negligence."

On that question also a careful reading of the evidence leads to the conclusion that a verdict finding the plaintiff guilty of contributory negligence could not be here sustained.

Defendant made no motion for a new trial after the first trial. On the contrary he moved to vacate the order granting a new trial on the issue of damages, thereby seeking to have the verdict finding

him guilty of negligence and plaintiff not guilty of contributory negligence, as well as the award of damages, stand and remain in force. He does not now, and has not at any stage of the proceeding, challenged the findings of the jury on the issues of negligence and contributory negligence. He is hardly in a position now to claim that he should have a retrial of those issues. The question of the sufficiency of the evidence to sustain the findings of the jury on those issues is not now before us. Kelly v. Rogers, 21 Minn. 146; LeMieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586.

The only basis for the claim that there should now be a retrial of the issues of negligence and contributory negligence is the amount of the verdict on the first trial as compared with the verdict on the second trial. It is conceded, and the court held, that the first verdict was clearly insufficient in amount. The court made no finding otherwise that the verdict. was induced by passion or prejudice or arrived at by compromise or misconduct. We are unable to hold on the record before us that it is shown that the jury erred in any way in determining the issues of negligence and contributory negligence, or that the error in the award of damages influenced them in passing upon those issues. The damages in this kind of a case are distinct from the question of liability. Liability was so well established that defendant can hope for no different result on those issues. Liability being established, it would be improper for the jury either to increase or decrease the damages on account of evidence bearing on those issues. Punitive damages are not involved. In that situation the court was justified in granting a new trial on the single question of damages. Appleby v. Payne, 149 Minn. 77, 182 N. W. 901; Leslie v. Billingsley, 176 Minn. 402, 223 N. W. 456; Cox v. C. G. W. R. Co. 176 Minn. 437, 223 N. W. 675. The rule is the same where the court denies a new trial conditionally. Craig v. Cook, 28 Minn. 232, 9 N. W. 712; Grant v. Wolf, 34 Minn. 32, 24 N. W. 289; Pratt v. Pioneer-Press Co. 35 Minn. 251, 28 N. W. 708; Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A. (N.S.) 439, 111 A. S. R. 462, 5 Ann. Cas. 303; Goss v. Goss, 102 Minn. 346, 113 N. W. 690; Wallerick v. McGill-Warner Co. 154 Minn. 341, 191 N. W. 604. Much must be left to the sound judgment and discre-

tion of the trial court in cases of this kind, and unless error in its judgment is clearly shown this court should not interfere. McKnight v. M. St. P. & S. S. M. Ry. Co. 96 Minn. 480, 105 N. W. 673.

Defendant's counsel, with commendable diligence, has gathered and cited some 26 Minnesota cases where a new trial was granted on a single issue or a part of the issues in the action. He has cited decisions from some nine other states. He relies largely on Simmons v. Fish, 210 Mass. 563, 97 N. E. 102, 103, Ann. Cas. 1912D, 588, and Murray v. Krenz, 94 Conn. 503, 109 A. 859, 861. In the Simmons case the court said [210 Mass. 565]:

"The practice has prevailed for many years in this court of awarding a new trial upon a single point where the error committed in the trial court was of a kind which could be readily separated from the general issues, and applied without injustice to one matter."

The court there held that the verdict was a compromise and showed that the jurors had compromised by some of them yielding their convictions that there was no liability. The court then held that it would be unjust to deprive the defendant of a retrial of the issue of liability where it was obvious that no jury had ever decided that issue against him on justifiable grounds.

In the Murray case, 94 Conn. 503, 109 A. 859, the trial court had denied the motion for a new trial on the single issue of damages. The case was decided largely on the holding that the motion was addressed to the discretion of the trial court, but the Simmons case was cited and the holdings in that case approved. We are unable to follow the statement in the Murray case, that usually the issue of liability and the issue of damages are "inextricable, interwoven." That court does say [94 Conn. 507] that "issues involved in verdicts which have been determined rightly according to legal principles should stand; and where the other issues can be retried without denial of the just rights of either party, this course will be adopted."

In our present case, liability being clearly shown, the question of the amount of damages could be tried out without injustice to either party.

■ The present verdict is claimed to be excessive. The amount is generous, but there was severe and dangerous injury. Fortunately prompt and efficient surgical treatment was obtained and the recovery was unusually good. A large portion of plaintiff's scalp was torn loose so that one part hung down over her face and another part over the back of her head. The skull bone was bared. There was pain and suffering for some weeks; confinement to bed for a week; partial disability for a month or more; a numbness and burning sensation of the scalp which has but partly ceased. The trial court has denied the motion for a new trial. We do not feel justified in disturbing the verdict on that ground.

Judgment affirmed.

