## STATE EX REL. NELS N. WAYLANDER v. G. E. QVALE.[1]

April 17, 1930.

No. 27,994.

*Alva R. Hunt,* for relator.
*William A. Anderson* and *L. D. Barnard,* for respondent.

PER CURIAM.

Order to show cause to the district court of Meeker county, Qvale, J. on the relation of Nels N. Waylander, defendant in an action brought against him by Axel Nelson, why a writ of mandamus should not issue to compel the trial court to make certain findings of fact.

The action of Nelson v. Waylander was tried before a court and jury. The complaint set forth a cause of action on a promissory note executed by defendant. The answer set forth certain counterclaims and then alleged

[1]Reported in 230 N. W. 472.

that defendant had been induced to execute the promissory note by certain false and fraudulent representations made by plaintiff, and further alleged that as a part of the same transaction defendant had been induced by the same fraudulent representations to convey a parcel of land to plaintiff. Defendant asked that the transaction be set aside, that the note be annulled, and that he recover the amount of his counterclaims and the value of the land. The only question which the court submitted to the jury was whether the note had been obtained by fraud. They found for defendant. Defendant then applied to the court to make findings upon the other issues, which the court refused to do. Thereafter defendant procured an order from this court requiring the judge to show cause why a writ of mandamus should not issue requiring him to make findings upon such other issues. This is the question now before us.

It appears from the affidavits filed pro and con that the controversy is concerning what took place during the trial and the effect of the evidence presented at the trial, it being claimed on one hand that only one issue was submitted to the jury because the evidence did not warrant the submission of the other issues, and on the other hand that the other issues were to be determined by the court. Such questions cannot be determined on affidavits. They can be considered by this court only when presented by a settled case or bill of exceptions. 1 Dunnell, Minn. Dig. (2 ed.) § 1369; Macauley v. Ryan, 55 Minn. 507, 57 N. W. 151; Youngquist v. Minneapolis St. Ry. Co. 102 Minn. 501, 114 N. W. 259; State v. Atanosoff, 138 Minn. 321, 164 N. W. 1011. Moreover defendant has a plain and adequate remedy by appeal, and mandamus will not lie. 4 Dunnell, Minn. Dig. (2 ed.) § 5754. We may also note that the action is not in equity but at law, in which, in the absence of a proper record showing the contrary, it is presumed that claims not submitted to the jury were excluded for lack of evidence to sustain them.

Order dismissed.