STATE EX REL. MARGARET BROBERG v. STATE BOARD OF CONTROL.[1]

May 8, 1931.

No. 28,590.

[1]Reported in 236 N. W. 481.

*Henry N. Benson,* Attorney General, and *Harrison B. Sherwood,* Assistant Attorney General, for appellant.

*Robert V. Hennessy,* for respondent.

OLSEN, J.

On December 5, 1930, Margaret Broberg was, in proceedings in the probate court of Hennepin county, found to be feeble-minded, and that court committed her to the care and custody of the state board of control as guardian of her person, under G. S. 1923, § 8960. She appealed from the order of the probate court so committing her to the district court of Hennepin county. A trial was there had, and the district court on March 9, 1931, reversed the order of the probate court and ordered that she be released from the custody of the state board of control. Not being released, she sued out a writ of habeas corpus in the district court on March 20, 1931. Hearing was had thereon, and that court, on March 31, 1931, by its order commanded the state board of control to release and discharge her from its custody forthwith. From that order the state board of control appealed to this court.

■ It is agreed that the only question raised by this appeal is whether the statutes give any right of appeal from the order of the probate court committing a feeble-minded person to the custody and guardianship of the state board of control. The appellant, the state board of control, contends that there is no such right of appeal, and therefore the district court was without jurisdiction to hear or determine the appeal taken by Margaret Broberg to the district court from the order of the probate court.

That no right of appeal exists unless granted by statute is elementary. Prior to 1927, G. S. 1923, § 8960, contained no provision for an appeal to the district court, except an appeal by the state board of control from an order discharging a feeble-minded person from the custody of the board. The first sentence of the section provides that if any person examined is found to be feeble-minded the court shall order him committed to the care and custody of the state board of control as guardian of his person. Then follow provisions authorizing the board to place such person in a proper institution or home. Next follow provisions for application to the probate court for the discharge of such person from the custody of the board and for hearing thereon. Then follows the provision for an appeal by the state board of control from an order discharging such person from its custody. The legislature evidently considered that further provision should be made for appeals, so L. 1927, p. 331, c. 231, was enacted, amending § 8960 by inserting therein, after the limited provision for appeal by the state board of control, the following:

"Whenever a person adjudged to be feeble-minded under the provisions of this act or his attorney or spouse or relative in his behalf, or the state board of control as the guardian of such feeble-minded person, shall be aggrieved by judgment, order or decree of the probate court entered pursuant to the provisions of this section, such person or state board of control may appeal to the district court in the manner hereinafter provided, which shall be the exclusive method of appeal in such cases. A notice of appeal shall be served

upon the adverse party, his agent or attorney, within thirty days after written notice of the making of the order appealed from shall have been served upon the party appealing, his agent or attorney."

The amendment is so clear that a reading of it leaves no doubt as to its meaning and obviates any extended discussion. By its terms an appeal is granted to the person adjudged feeble-minded, to the board of control, and to the other persons therein specified, from any order, judgment, or decree of the probate court entered pursuant to the provisions of that section. And the order or judgment of the probate court committing a feeble-minded person to the custody and guardianship of the board is an order or judgment entered under the provisions of that section. The district court acquired and duly exercised jurisdiction on the appeal from the order of the probate court committing Margaret Broberg to the custody and guardianship of the state board of control, and that board, not having appealed from the decision of the district court, is bound by that decision.

■ It is suggested that the 1927 amendment should be construed as providing for appeals only from orders of the probate court granting or refusing applications to have feeble-minded persons discharged from the custody and guardianship of the board, and should not be held to apply to the original order or judgment committing such person to the custody and guardianship of the board. Without doing violence to the plain language of the amendment, we are unable so to hold.

■ There is also a contention that the finding that a person is feeble-minded is primarily made by an examining board, consisting of two physicians and the probate judge; that therefore the finding is not made by the probate court and there is no appeal from such finding. There is little force in that claim. The order of the probate court in effect is a finding by that court that the person therein named is feeble-minded. The finding of the examiners is advisory to the court. Such finding, unless acted upon by the court by an order committing the person to the custody and guardianship of the

board of control, has no force or effect. The order of the probate court is the effective order, and an appeal therefrom raises all questions involved in the findings of the examiners, approved by the court.

The order appealed from is affirmed.