STATE EX REL. ALBERT BAKER v. L. F. UTECHT.[1]

December 11, 1944.

No. 33,989.

Albert Baker, pro se.

J. A. A. Burnquist, Attorney General, and Paul Jaroscak, Special Assistant Attorney General, for respondent.

LORING, CHIEF JUSTICE.

This is an application for an assignment of counsel to represent relator in an appeal from an order discharging a writ of *habeas corpus* theretofore issued out of the district court in his behalf.

By a letter dated November 26, 1942, relator requested the issuance of a writ of *habeas corpus* from this court to determine the legality of his imprisonment in the state penitentiary. Although

[1]Reported in 16 N. W. (2d) 750.

on its face his application for a writ showed that he was not entitled to it, we nevertheless requested a member of our bar to make an impartial investigation as to the facts with reference to relator's incarceration. Upon his report, it appeared that he was not unjustly or unconstitutionally restrained of his liberty, and, since his application did not state grounds for relief, we refused to issue the writ.

Thereafter, relator applied to the district court of Washington county for a writ of *habeas corpus,* which was issued and a hearing conducted thereon.

As a result of that hearing, the writ was discharged and relator remanded to the custody of the warden of the penitentiary. It is from the order discharging the writ that an appeal has now been taken to this court, and it is in connection with that appeal that the request has been made for assignment of counsel to represent relator.

Minn. Const. art. 1, § 6, provides that "In all criminal prosecutions the accused shall enjoy the right * * * to have the assistance of counsel in his defense," but the proceeding by writ of *habeas corpus* is not a criminal prosecution but an independent proceeding to enforce a civil right of the relator. It may not be used as a substitute for a writ of error or appeal. It is a collateral attack on a criminal judgment. State ex rel. Dunlap v. Utecht, 206 Minn. 41, 44, 287 N. W. 229, 231; Goto v. Lane, 265 U. S. 393, 401, 44 S. Ct. 525, 527, 68 L. ed. 1070, 1074. In State ex rel. Beekley v. McDonald, 123 Minn. 84, 86, 142 N. W. 1051, this court said:

"The appeal is without merit. Habeas corpus is essentially civil in its nature. State v. Buckham, 29 Minn. 462, 13 N. W. 902; State v. Huegin, 110 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700; 21 Cyc. 342; Ex parte Tom Tong, 108 U. S. 556, 2 Sup. Ct. 871, 27 L. ed. 826. In the case last cited Chief Justice Waite [at p. 559] says:

" 'The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort

to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. If he fails to establish his right to his liberty, he may be detained for trial for the offense; but if he succeeds he must be discharged from custody. The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. * * * Such a proceeding on his part is, in our opinion, a civil proceeding, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution.'

"So in the present case, the habeas corpus proceedings were no part of the criminal action, but in fact were in opposition thereto."

There is no statute in this state which authorizes this court to assign counsel in such cases or to compensate counsel for such services. In the district court, in criminal proceedings by indictment or information, such counsel may be provided and compensated. Minn. St. 1941, § 611.07 (Mason St. 1927, § 9957). In a suitable case, in the exercise of our discretion, we might ask a member of our bar to appear for relator and to conduct his proceedings for him, but such action is wholly within our discretion. In the proceeding at bar, the request for counsel, on its face, shows that the grounds of appeal are: (1) That there was no competent evidence of guilt; and (2) that defendant was denied a public trial. The application for counsel goes further and shows upon its face that the "girl involved testified [to] an immoral act com-

mitted on her." Since there is no requirement in such cases that the girl's testimony must have been corroborated, her evidence alone was sufficient to sustain a conviction. As to the denial of a public trial, the record, as certified to us, shows that when the audience was excluded from the courtroom during the testimony of the girl and her mother, counsel for relator consented thereto. Moreover, it appears on the face of the application that the district court had jurisdiction of the relator and of the offense charged against him in that court. In the absence of extraordinary circumstances making the trial a mere sham or pretense rather than a real judicial proceeding, *habeas corpus* will not lie on the ground that the judgment is a nullity for want of due process even where, as here, there is a claim of denial of constitutional rights. Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. ed. 1070, and State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229, *supra*. This, together with what has already been said, demonstrates that on the face of the application for counsel the appeal is frivolous.

We are informed that relator has refused to stipulate that the case be heard here on the testimony taken in the trial court. We would not be justified in imposing upon a member of our bar the onerous duty of conducting relator's case under such circumstances, when, on the face of his application, the appeal appears to be frivolous.

Application denied.

MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.