K. L. WALLACE v. BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY.
IN RE ALLOWANCE OF CLERK HIRE FOR COUNTY ATTORNEY OF DOUGLAS COUNTY.[1]

November 26, 1948.

No. 34,741.

[1]Reported in 35 N. W. (2d) 343.

*R. S. Thornton,* for appellant.

*K. L. Wallace,* County Attorney, *pro se.*

KNUTSON, JUSTICE.

This case comes here on appeal from an order of the district court of Douglas county fixing and allowing clerk hire for the county attorney's office.

During the years 1941 to 1946, inclusive, the county board of Douglas county, acting under the authority granted to it by virtue of M. S. A. 388.105, fixed and allowed amounts varying from $195.16 in 1941 to $345 in 1946 as clerk hire for the county attorney's office. During 1947 no allowance was made. Thereafter, plaintiff, who was county attorney of Douglas county, submitted a petition to the county board requesting that clerk hire in the sum of $360 be allowed for the year 1948. The county board denied the petition. An appeal was taken to the district court. The county board appeared specially and objected to the jurisdiction of the court to hear the appeal. The district court made its order allowing the sum of $30 per month as clerk hire for the county attorney's office. This appeal followed from the order of the district court.

The sole question presented here is whether the trial court had jurisdiction to hear and determine the appeal from the county board's decision denying the petition of the county attorney.

Prior to the passage of L. 1941, c. 483, now M. S. A. 388.105, the county board had no general authority to allow clerk hire to a county attorney's office. It is plaintiff's contention that subsequent to the passage of § 388.105 the provisions of § 382.265 became applicable to the office of county attorney and that if the county board refused to provide any clerk hire under § 388.105, or if the amount provided under that section was insufficient, the county attorney could file his petition for additional clerk hire under § 382.265, and, if dissatisfied with the action of the county board, on this petition he could appeal to the district court. Defendant contends that

§ 388.105 is exclusive and that there is no right of appeal from the action of the county board either in refusing to grant any clerk hire or in refusing to grant an amount which the county attorney believes to be sufficient.

The two sections of our statute involved in this appeal are § 382.265, reading:

"In all counties of this state where the amount of clerk hire now or hereafter provided by law for any county office, including the office of probate judge, shall be insufficient to meet the requirements of said office, the county officer in need of additional clerk hire shall prepare a petition and statement setting forth therein the amount of additional clerk hire needed and file the same with the county auditor, who shall present the same to the board of county commissioners at the next meeting of said board. If the board of county commissioners shall grant said petition by majority vote of all members elected to the board, then the amount of additional clerk hire requested in said petition shall thereupon become effective for said office. Said board shall act on any such petition within 60 days from the time it has been filed with the county auditor. If the board of county commissioners shall determine that the amount of additional clerk hire requested in said petition is excessive and more than is necessary for said office, it shall fix the amount of such additional clerk hire requested in said petition is excessive and more thereof. If said county officer or any taxpayer of the county shall be dissatisfied with the decision of the board of county commissioners, he may, at his own expense, within ten days after the decision of said board, appeal to the district court. The district court, either in term or vacation and upon ten days notice to the chairman of the board of county commissioners, shall hear such appeal and summarily determine the amount of additional clerk hire needed by an order, a copy of which shall be filed with the county auditor."

and § 388.105, which reads:

"The county board may annually appropriate a sum not to exceed $720 to be used for providing clerk hire for the county attorney. The

amount to be allowed for such purpose shall be determined by the county board but shall not exceed the sum of $60.00 per month. All disbursements from such funds shall be made in the manner provided by law. This section shall not apply in any county now or hereafter having a population of 150,000 or more or in any county wherein clerk hire for the county attorney is provided for by any other law."

Section 382.265 became a law in 1939 (c. 319).

At that time there existed no statutory authority to allow clerk hire for the office of county attorney of Douglas county; so, obviously, this chapter was not intended to apply to that office. It was intended to provide the county board with authority to allow additional clerk hire to county offices in those cases where the amount provided by law was found to be insufficient. The language of the statute is clear. No doubt it became applicable after its passage to any office in which clerk hire was provided by law either then or thereafter. It is also obvious that the legislature did not intend to permit county officers to proceed under § 382.265 in the first instance without having reference to other statutes in which clerk hire was fixed by law, or it would not have been necessary to later pass § 388.105, covering the office of county attorney. Section 382.265 was intended to take care of those situations where clerk hire was fixed or limited by law and was found to be insufficient to meet the requirements of the office. It comes into play only when that situation arises. If it applies at all to the office of county attorney, it can be only in a situation where the county board has allowed the maximum of $720 per year provided by § 388.105 and where this amount is still found to be insufficient. In the instant case nothing was allowed by the county board. Plaintiff contends that, inasmuch as the county board allowed nothing at all and this was insufficient, he may thereupon proceed under § 382.265. In other words, he seeks to construe the words "provided by law" in § 382.265 as though they read "the amount allowed by the county board." We do not believe that this language can be so construed. The amount provided by law means the amount fixed by the legislature, in this act; and,

until the total amount allowed for the particular office has been exhausted and found to be insufficient, there can be no recourse to § 382.265.

In passing § 388.105, the legislature, either intentionally or inadvertently, failed to provide the right to appeal from the decision of the county board. The right to appeal is purely a creature of statute. State ex rel. Broberg v. State Board of Control, 183 Minn. 345, 236 N. W. 481; City of Red Wing v. Nibbe, 160 Minn. 274, 199 N. W. 918; 1 Dunnell, Dig. & Supp. § 283. The legislature could provide the right to appeal or it could withhold it, as it saw fit. It might have been better, in order to prevent arbitrary action on the part of a county board, had it been provided here, but that is the exercise of a legislative, not a judicial, prerogative. It is our opinion that § 388.105 is permissive and not mandatory, and that no appeal lies from the action of the county board in allowing or refusing to allow clerk hire to a county attorney's office. Consequently, the district court had no jurisdiction to hear this appeal, and its action must be reversed.

Reversed.