## STATE v. CHARLES H. LORENZ.[1]

November 30, 1951.

No. 35,640.

*John R. Foley* and *Daniel F. Foley,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Assistant Attorney General, and *Robert R. Dunlap,* County Attorney, for the State.

PER CURIAM.

Defendant was convicted and sentenced by the district court for Wabasha county for the crime of murder in the first degree. Counsel for defendant had been appointed by the court for the trial. After the denial of defendant's motion for new trial, he moved the court for an order appointing counsel, the furnishing of a transcript, and

---

[1]Reported in 50 N. W. (2d) 270.

the payment of other expenses on appeal. No formal order was entered on this motion, but it was refused in a letter from Judge Karl Finkelnburg to the attorneys for defendant.

After serving notice of an appeal, defendant petitioned this court for the appointment of counsel and all other things suitable, proper, and necessary for the prosecution of the appeal.

■ The United States constitution does not require a state to provide the expenses of an appeal for an indigent defendant in a criminal case.[2] The constitution and statutes of this state neither compel nor authorize such procedure.[3]

■ As there was no formal order on defendant's motion in the court below, there is no action for this court to review in this matter. Appellate jurisdiction attaches only by proper procedure after entry

---

[2]Without discussion of the cases, the following are pertinent: State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99; United States v. Bitty, 208 U. S. 393, 28 S. Ct. 396, 52 L. ed. 543; Powell v. Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527; McKane v. Durston, 153 U. S. 684, 14 S. Ct. 913, 38 L. ed. 867; Andrews v. Swartz, 156 U. S. 272, 15 S. Ct. 389, 39 L. ed. 422; District of Columbia v. Clawans, 300 U. S. 617, 57 S. Ct. 660, 81 L. ed. 843; Cobbledick v. United States, 309 U. S. 323, 60 S. Ct. 540, 84 L. ed. 783; Bristol v. United States (7 Cir.) 129 F. 87; Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. ed. 1461, 146 A. L. R. 357; United States v. Fair (D. C.) 235 F. 1015; United States ex rel. Estabrook v. Otis (8 Cir.) 18 F. (2d) 689.

[3]The following have been considered in reaching this opinion: Minn. Const. art. 1, §§ 2, 6, 7; art. 3, § 1; art. 4, § 12; art. 6, §§ 2, 14; M. S. A. 480.04, 480.05, 486.01 to 486.06, 611.07, 632.01, 640.10, 640.11; In re Petition for Integration of the Bar of Minnesota, 216 Minn. 195, 12 N. W. (2d) 515; State v. Fellows, 98 Minn. 179, 107 N. W. 542, 108 N. W. 825; Hunter v. Zenith Dredge Co. 220 Minn. 318, 19 N. W. (2d) 795; Wallace v. Board of Co. Commrs. 227 Minn. 212, 35 N. W. (2d) 343; State v. Meyer, 228 Minn. 286, 37 N. W. (2d) 3; State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99; State ex rel. Baker v. Utecht, 218 Minn. 553, 16 N. W. (2d) 750; Id. 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034.

For discussions of the various aspects of the problem, see Annotations, 100 A. L. R. 321, 130 A. L. R. 1439, 144 A. L. R. 847; 23 C. J. S., Criminal Law, § 982; 7 C. J. S., Attorney and Client, § 172a; 3 Am. Jur., Appeal and Error, § 514.

of a formal judgment or order. Macauley v. Ryan, 55 Minn. 507, 57 N. W. 151.

Petition denied.