STATE EX REL. LEO C. NELSEN v. DOUGLAS C. RIGG.

108 N. W. (2d) 723.

April 7, 1961—No. 38,221.

Leo C. Nelsen, pro se, for appellant.

Walter F. Mondale, Attorney General, and Charles E. Houston, Solicitor General, for respondent, warden of Minnesota State Prison.

NELSON, JUSTICE.

Relator petitioned the District Court of Washington County for a writ of habeas corpus and the petition was denied for the reasons that

the petitioner had failed to attach a copy of the warrant of commitment, as required by Minn. St. 589.04(4), and further that relator had failed to set forth in his petition any statutory, constitutional, or jurisdictional grounds justifying the issuance of a writ of habeas corpus. Later relator was permitted to file a copy of the warrant of commitment and that ground for denying the petition was removed.

The relator cited the following grounds for issuance of the writ: That he was arrested without a warrant, September 20, 1949; that he was jailed and held incommunicado; that no complaint was issued until 5 days later; that he had no opportunity to obtain counsel in that period or to learn of the charge against him; that he was harassed and threatened by prosecuting officials in an attempt to obtain from him an admission of guilt; and that he was in numerous ways denied due process of law during this time. He makes a final claim that at the trial the judge in the court below instructed the jury to stay out until they had reached a verdict and that the jury did not return with its verdict until 3 o'clock the next morning.

The aforesaid grounds are not supported by any explanation or by any allegations of specific facts.

The synopsis of what transpired at the trial is before us and is most complete. It includes the charge of the court. An examination of the charge indicates that the court, in its instructions to the jury, said:

"Your verdict in this case must be unanimous. And when you have finally determined what the facts are, return a verdict accordingly to the court."

The only other statement in the record following the charge is to the effect that the jury retired for its deliberation at 4:20 p. m. on Wednesday, May 10, 1950. The synopsis does not indicate that the judge was recalled for any additional instructions nor when the jury reached its verdict.

Relator was represented at his arraignment and trial in the Olmsted County District Court by private counsel who at the first appearance following arraignment obtained a continuation of the trial to the next term of court. The trial was commenced at 2 p. m. on Monday, May 8, 1950.

It is now more than 10 years since the defendant was convicted of rape committed on one of the student nurses at the Kahler School of Student Nursing at Rochester.

The testimony has been fully set forth in the synopsis in narrative form. There is ample evidence to sustain the conviction. The record indicates that relator has had two wives and has been unfaithful to both; that he was on parole from the St. Cloud Reformatory where he had been serving time on a prior conviction for the crime of carnal knowledge.

Included in the synopsis is a memorandum by the trial court reviewing the evidence which led to relator's conviction and suggesting what might be done in the way of rehabilitation of the defendant by the prison authorities.

The sentence of the court was that relator should be confined in the state prison at Stillwater until discharged by competent authority or due process of law. His situation has been fully described and carefully placed before the prison authorities together with suggestions as to rehabilitation through psychiatric treatment and character-building activities. It would seem that if any applications on his part are proper and justified at this time it would be to the parole authorities.

■ It may be true that relator was arrested without a warrant, but arrests may be made without a warrant in certain cases. Minn. St. 629.34. The illegality of the arrest would not invalidate a conviction. The claims of the petitioner relate to matters preceding his appearance in the district court where he was tried and convicted of the crime of rape.

All matters wherein relator claims his rights were violated obviously transpired before his arraignment in the district court and during the course of the trial which led to his conviction.

Relator was represented at the trial by private counsel of his own choosing and the record indicates that he was provided vigorous defense. The errors and irregularities complained of in relator's petition cannot be reviewed upon habeas corpus but only on an appeal from his conviction. See, State v. Puent, 198 Minn. 175, 269 N. W. 372; State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; Stolpestad v. Utecht, 231 Minn. 266, 42 N. W. (2d) 813; Breeding v.

Swenson, 240 Minn. 93, 60 N. W. (2d) 4; State ex rel. Naus v. Rigg, 250 Minn. 365, 84 N. W. (2d) 698, certiorari denied, 355 U. S. 884, 78 S. Ct. 153, 2 L. ed. (2d) 114; State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149; 8 Dunnell, Dig. (3 ed.) § 4129.

■ Habeas corpus is an independent civil proceeding, not a criminal action. State ex rel. Baker v. Utecht, 218 Minn. 553, 16 N. W. (2d) 750. There exists no statute whereby this court or any other court in this state may order a trial transcript for an indigent prisoner when he seeks a civil remedy. A person committed or detained by virtue of the final judgment of a competent tribunal cannot be released on habeas corpus. Minn. St. 589.01; State v. Rudin, 153 Minn. 159, 189 N. W. 710; 8 Dunnell, Dig. (3 ed.) § 4132; State v. Dahlgren, 259 Minn. 307, 107 N. W. (2d) 299.

■ Relator's petition fails to set forth any statutory, constitutional, or jurisdictional grounds which would justify the issuance of a writ of habeas corpus. The order of the court below denying the petition for writ of habeas corpus must be affirmed.

Affirmed.

MR. JUSTICE OTIS, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.